# THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY

*v.*

## JOHN M. CAUFFMAN.

1. EVIDENCE—*positive and negative.* In an action against a railroad company, alleging negligence in not sounding a whistle or ringing a bell on approaching a road crossing, a jury may be justified in giving greater weight to the testimony of witnesses who state, negatively, that the whistle was not sounded nor the bell rung, than to that of witnesses stating, affirmatively, that such was done, when the former witnesses were in a position to enable them to know the fact.

2. SAME—*former decision.* Nor does this conflict with the ruling in the case of *The Chicago and Rock Island Railroad Company* v. *Still*, 19 Ill. 499, that positive evidence of that character is entitled to more weight than negative. In that case the witnesses testifying negatively were not in a position to enable them to know what transpired so well as those who testified to the affirmative fact.

3. NEGLIGENCE—*railroad trains crossing highways.* Railroad companies are bound, in crossing public highways to so regulate the speed of their trains, and to give such signals, as to apprise persons of their approach. It is also the duty of those having charge of the trains to keep a look-out so as to foresee, and, as far as possible, to prevent injury to persons exercising their legal right in traveling upon the highway.

4. And it is equally the duty of persons when crossing the track of a railroad to be on their guard, and to see that they are not incurring danger to themselves or their property.

5. If a person thus situated is guilty of negligence, he must be responsible for its consequences, unless the company have been guilty of misconduct still more gross and willful.

6. But negligence on the part of the individual will, by no means, absolve the railroad company from their duty to use all reasonable efforts to prevent injury.

7. The same rule in that regard, applies to cases of injury to property and to persons.

8. It is gross negligence in an engine driver not to have observed stock upon or near the track at a road crossing for eighty or one hundred yards before reaching that point, when he could readily have done so.

9. NEGLIGENCE—*stock running at large.* The owner of stock, which has been killed by a railroad train and for which he is seeking to recover, is not chargeable with negligence because the stock was running at large at the time of the injury.

10. It has been the settled law of this State for many years, that individuals may permit their stock to run on the commons and highways of the country, and in doing so they are guilty of no wrong.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action on the case commenced in the court below, in January, 1861, by John M. Cauffman against the Chicago, Burlington and Quincy Railroad Company, to recover damages for the running over and killing of two colts, the property of the plaintiff, by a train upon the road of the defendant, the injury resulting, as was alleged, from the negligence of the servants of the company. A trial resulted in a verdict and judgment for the plaintiff. On appeal to this

28—38TH ILL.

court, that judgment was reversed at the April term, 1862, and the cause remanded. The case is reported in 28 Ill. 513. Another trial resulted also in a verdict for the plaintiff, and his damages were assessed at the sum of one hundred and twenty dollars. A motion for a new trial was overruled, and a judgment entered upon the verdict. The railroad company now bring the case into this court a second time, upon writ of error.

It appears that the plaintiff's colts were running at large, and on the 23d day of November, 1859, being upon the track of the railroad at a point where it crossed a public highway, they were run against and killed by a passing train. The plaintiff alleges negligence on the part of the servants of the company, in failing to ring a bell or sound a whistle on approaching the crossing, and also, in not attempting to slacken the speed of the train after the colts were discovered, or with proper diligence could have been seen, upon the track. The testimony was conflicting, in respect to the question of negligence, but it is unnecessary to notice it further here, as enough is detailed in the opinion of the court to show the application of the rules laid down respecting the duties of the company, and of the owner of the stock, under the circumstances indicated.

Messrs. WALKER and DEXTER, for the plaintiff in error.

Mr. J. I. TAYLOR, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The first question presented by the assignment of errors, for our consideration, is whether the verdict of the jury is manifestly against the weight of evidence. After a careful examination of all the proof in the case we are not able to perceive that the verdict should be disturbed. All that can be said is that the proof is conflicting and is of that unsatisfactory

character which at most may create a doubt as to the correctness of the conclusion at which the jury have arrived. In such a case the jury are, under the law, the judges of the degree of weight that the evidence shall receive. They are required to harmonize conflicting portions, if that may be done, and if not then to determine what faith should be given to each witness and his statements, receiving and acting upon such as is worthy of belief, and rejecting such as is unworthy of credence. The whole case has been fairly submitted to them on proper instructions and we are not authorized to disturb their finding.

As many as three witnesses introduced by defendant in error, and who were near to the place of the accident and expecting to see the collision, say they did not hear the ringing of the bell or the sounding of the whistle, until within from seven to ten rods of the place where the colts were killed. On the other side, the engineer and the fireman swear that the bell was rung. And a passenger testifies, that whilst standing on the platform, before the accident occurred, he heard the bell, but after going into the car he heard it no longer. Now here was apparently a conflict of evidence. And it was for the jury to determine which witnesses were and which were not worthy of belief. It is, however, urged that the case of the *Chicago and Rock Island Railroad Company* v. *Still*, 19 Ill. 499, announces a different rule. By reference to that case it will be seen that the witnesses who testified that they did not hear the sound of the bell or whistle were most of them in a position that they could not see what was transpiring, and the others simply state that they heard neither sound, whilst in this case the witnesses were near at hand and saw, and were in a position to hear either the bell or the whistle, if they had been sounded.

Again, there was a number of witnesses who testify that the servants of the road could have seen the colts from the engine. On the other hand, the engine driver and the fireman say that the view was obstructed by bushes and small trees on the side

of the road.  But when the number of witnesses who testify that there was no obstruction to prevent the engineer from seeing the colts is considered, the weight seems to be decidedly in their favor.  And we are compelled to conclude that the jury were warranted in believing them rather than the servants of the road.  If these witnesses are to be believed, nothing but gross inattention could have prevented the engine driver and fireman from seeing the colts.

The question of negligence then arises.  In the case of the *Chicago and Rock Island Railroad Company* v. *Still*, 19 Ill. 499, the rule was announced, that railroad companies were bound, in crossing public highways and thoroughfares, to so regulate the speed of trains, and to give such signals as to apprise persons of their approach.  And that it was the duty of those having charge of the train to keep a look out so as to foresee and, as far as possible, to prevent injury to persons exercising their legal rights in traveling upon the highway.  It was also said, that a failure to perform any of these duties should render them liable for injuries inflicted.  But whilst the road is held to a performance of these duties it is equally the duty of individuals when crossing the track of a railroad to be on their guard and to see that they are not incurring danger to themselves or to their property.  If they are guilty of negligence they must be responsible for its consequences, unless the company have been guilty of misconduct still more gross and willful.  And the same rule applies to the injury of property as to persons.

If it is true, as the jury have found, that the engine driver could readily have seen the colts for eighty or one hundred rods before reaching the crossing, and he neglected to do so, they were warranted in finding there was gross negligence.  The evidence shows, that a part of the colts were seen by both the engine driver and the fireman to get upon and then leave the track quite a distance from the crossing where the colts were killed, and that the speed of the train was not checked.  They then knew where the colts were and must have known

that they could not cross the cattle-guard, and it was their duty, knowing these facts, to have taken special pains to avoid the injury. The colts were running at large, it is true, but it has been the settled law of this State for many years, that individuals may permit their stock to run on the commons and on the highways of the country, and in doing so they are guilty of no wrong. *Seely* v. *Peters,* 5 Gilm. 130. It was there held, that the common law requiring individuals to fence in their cattle had never obtained in this State, and the rule then announced has been ever since regarded as settling that question.

It has been repeatedly held that parties in the exercise of their right of using their several roads must do so in such a manner as to avoid injury to each other. And whilst in the exercise of such rights each party must be held to the highest practicable degree of care and circumspection, to avoid injury to others. In this case defendant in error had the right to permit the colts to run at large, and in doing so was guilty of no negligence. But even if it was negligence, the company were not thereby absolved from the duty of using all reasonable efforts to prevent the injury. If the owner was guilty of negligence, still that would not authorize the company to remit their efforts to prevent the injury. And whether they had used all proper efforts for its avoidance, was a question for the consideration of the jury, and they have found they did not, and the evidence in the case warranted the finding. After a careful examination of the record we do not perceive any error in the record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*