The Rockford, Rock Island and St. Louis Rail-road Company

*v.*

D. C. Linn.

| 67 | 109 |
|---|---|
| 26a | 353 |
| 67 | 109 |
| 45a | 296 |

1. Negligence—*failure to ring bell or sound whistle.* While the statute imposes a penalty on a railroad company for a mere omission to comply with its requirements, more is required to create a liability for injury to person or property. In the latter case, when no other negligence is proved, the injury must be " by reason of the neglect " to ring a bell or sound a whistle, and the proof must show that it was the probable result of the omission.

2. Same—*in not observing animal 'and failing to slacken speed.* Where the engine driver could readily have seen an animal some eighty or one hundred rods ahead of the train, and neglected to do so, gross negligence may be inferred. But where a mare, frightened by the noise, rapidly crossed the track fifty yards ahead of an approaching train and the proof showed that she was on the side of the track about ten feet distant from the same during a very short time, where she might have been seen before the collision, and she, through fright, ran upon the engine, striking it

about the drive wheel, and it did not appear that the engineer could have seen her in time to prevent the injury: *Held,* that the proof failed to charge the company with negligence.

APPEAL from the Circuit Court of Schuyler county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

This was an action brought by D. C. Linn, against the Rockford, Rock Island and St. Louis Railroad Company, before a justice of the peace, for the killing of plaintiff's mare by the defendant's train. The cause was taken to the circuit court by appeal, where a trial was had, resulting in a verdict and judgment in favor of the plaintiff for $80 and costs. The defendant appealed. The facts of the case are stated in the opinion of the court.

Mr. JOHN S. BAILEY, for the appellant.

Messrs. WARREN & VAIL, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The only question in this case is, whether the neglect to ring the bell or sound the whistle caused the injury. No other negligence on the part of the company was proved.

In the determination of this question we shall consider the plaintiff's evidence alone, and disregard the testimony in favor of the company, except as it may be used in behalf of the plaintiff.

The case of *Chicago, B. and Q. R. R. Co.* v. *Cauffman,* 38 Ill. 424, is claimed to be directly in point and conclusive of this case. There is a distinguishing feature between the cases. In the case cited the engineer and fireman both saw the stock upon the track in front of the train, for a considerable distance before the collision, and made no effort to check the speed. In this case there is no proof that the mare was seen by the employees of the company, until the engine was opposite her, and she was running alongside the track. The

mare then might have avoided the danger, but the engine could not possibly escape.

But it is insisted that it was gross negligence not to have seen the mare when she crossed the track, and when she was on the side of the track. In the case before referred to, this court said, "if the engine driver could readily have seen the colts for eighty or one hundred rods before reaching the crossing, and he neglected to do so," a jury would be warranted in finding gross negligence. The rule can not be stated more strongly.

We will test its application to the facts of this case. The owner of the mare and three other persons were watching the train, witnessed the killing, and saw the locality of the mare before and at the time of the accident. Only one of them saw her cross the track, about fifty yards ahead of the engine. As three persons, including the owner, who, we may presume, were close observers, did not see the mare cross the track, it is not strange that the engineer did not see it. The animal was frightened by the noise of the train, and her crossing of the track must have been rapid. From such fact alone it would be most unreasonable to impute negligence to the servants of the company.

Except the speedy passage across the track, the entire evidence shows that the mare was on the west side, ten feet or more distant from the track. During the short time when she might probably have been seen before the collision, the engineer might have exercised reasonable diligence by an outlook upon one side and have seen nothing. He could not have had the full and uninterrupted view and have seen so easily, as the persons upon the side of the track. Under the facts, the inference would be a forced one that the engine driver could readily have seen the mare in time to prevent the injury.

Linn, the plaintiff, and Bell and Hinton, his witnesses, testified that the mare was running alongside the track and ahead of the train, and that they did see her on the track.

From the testimony, the usual course of things was reversed. She was the assailant and struck against the train.

Linn said, " she struck the engine about the drive wheel."

Montgomery said, "she could have gone away from the track just as easy as to run into the train."

Bell said, "she struck about the drive wheel."

It is evident that she was not upon the track, and was not in a position to be readily seen by the servants of the company.

About the place where the mare struck against the engine, there was a pile of ties, which had been put in the road by a third party. In the opinion of one of the plaintiff's witnesses this caused the mare to change her course and come in contact with the train.

It is questionable, even from the testimony of the plaintiff, whether the omission to ring the bell or to whistle, was not a benefit rather than any injury.

One witness testified that the noise of the bell and whistling would drive hogs upon the track and sometimes horses, though usually the latter ran away.

Another one testified that the noise would have no effect upon stock.

The statute imposes a penalty upon the corporation for the mere omission to comply with its requirements; but more is required to constitute a liability for injury to person or property. In the latter case, the injury must be "by reason of the neglect." The proof must show that it was the probable result of the omission.

In this case it is not a reasonable presumption that the mare was killed in consequence of the neglect to ring the bell or sound the whistle. There is not even a strong suspicion created, and the judgment is reversed and the cause remanded.

*Judgment reversed.*