# CHICAGO & ALTON RAILROAD COMPANY
## v.
## GEORGE W. HANLEY.

*Railroads—Action for—Damages for Killing Stock.*

In an action against a railroad company to recover damages for killing stock, it is error to instruct the jury that the law presumes the injury to have been caused by the failure to ring the bell or sound the whistle.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Macoupin County; the Hon. J. A. CREIGHTON, Judge, presiding.

Mr. THOMAS RINAKER, for appellant.

There is no testimony from which it may be inferred that any failure to give the crossing signals caused, or even contributed, to appellee's injury.

The failure to ring the bell or sound the whistle must have caused the injury before the plaintiff can recover. R. R. I. & St. L. R. R. Co. v. Linn, 67 Ill. 109.

In this case the court say: " The only question in this case is whether the neglect to ring the bell or sound the whistle caused the injury," (killing plaintiff's horse), and hold " the proof must show that the injury was the probable result of the omission." See also, I. & St. L. R. R. Co. v. Blackman, 63 Ill. 117; Q., A. & St. L. R. R. Co. v. Wellhoener, 72 Ill. 60; I. C. R. R. Co. v. Bull, 72 Ill. 537; C., B. & Q. R. R. Co. v. Notzki, 66 Ill. 455.

Mr. MAHLON Ross, for appellee.

CONGER, P. J. This was an action brought against appellant for the value of a cow killed by its train in the City of Virden, Illinois, and must be reversed because of the error contained in appellee's second instruction, which was as follows:

"2. The court instructs the jury for the plaintiff that railroad companies are, by law, required to cause a bell to be rung, or steam whistle whistled, continuously, on all locomotive engines, while running, approaching and within eighty rods of any public highway crossing, and that the public streets in cities, villages and towns are public highways; and if the jury believe, from the evidence, that plaintiff's cow was struck and killed near a public crossing by a locomotive engine while running on defendant's railroad in the City of Virden, within eighty rods of and approaching any public street crossing, and that no such bell had been rung or whistle sounded continuously from the time such locomotive

came within eighty rods of such street crossing until the cow was struck, the law presumes the injury to have been done by the negligence of the railroad company, and these facts alone, if so proved and found, make the defendant *prima facie* liable to the plaintiff for damages to the full extent of the value of the cow as shown by the evidence."

This instruction is clearly wrong in stating that the law presumes the injury was caused by the failure on the part of appellant's servants to ring the bell. The law presumes such failure to be *prima facie* negligence, but does not presume it to be the cause of the injury. Such latter presumption must be established by the facts and circumstances in evidence, and is to be found by the jury. R., R. I. & St. L. R. R. Co. v. Sims, 67 Ill. 109.

"The injury must be the result of the omission, and this must be found by the jury." L & St. L. R. R. Co. v. Blackman, 63 Ill. 117.

The judgment of the Circuit Court will be reversed and the cause remanded.

