## Baltimore & O. S. W. Ry. Co. v. Henry W. Wetmore.

1. RAILROADS—*Signals Approaching Crossings—Contributory Negligence.*—A failure of a railroad company to perform any of the duties required of it on approaching a highway crossing, will render it liable for injuries inflicted and for wrongs resulting from such omission, and such failure can not be made the basis for predicating negligence against the person injured.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

POLLARD & WERNER, attorneys for appellant.

DILL & SCHAEFER and WM. J. CLUCAS, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment of $800, damages for a personal injury and for injury to property, occasioned by a collision at a street crossing in the village of O'Fallon, from which this appeal is prosecuted. The declaration alleges two grounds of negligence; 1, that the statutory signals were not given; 2, that appellant was "running said engine and train at a greater rate of speed than was safe at said crossing, and while passing through the said village."

The evidence shows the train was an extra passenger, and was being run very rapidly through the village. The weight of the evidence is, that the bell was not rung, nor whistle sounded as required by law. In the case G. W. R. R. Co. v. Giddis, 304-307, it is said: " To free themselves from liability, the company, in case of injury, must discharge every duty imposed by law. They must use all reasonable means to prevent injury, and its omission will create liability unless the injured party had, by his negli-

gence, contributed in some degree to the injury.    *    *    *
The duty imposed is easily performed, is not attended with
increased expense, and it has been required by the law for
wise and salutary purposes, and the courts have no power
to dispense with its performance.

The appellant, however, solely relies for reversal on the
contributory negligence of appellee, the law being, the im-
position of the duty to signal the approach of the train at a
crossing did not relieve the appellee from the duty to ex-
ercise reasonable care on his part.    C., B. & Q. R. R. Co. v.
Cauffman, 38 Ill. 424.

The evidence shows the appellee, in company with another
person, was in a buggy, drawn by two horses, driving north
on Apple street in said village, with a view of crossing the
railroad tracks of appellant, which extended east and west.
Apple street extended to Front street, a street 120 feet
south of the tracks, and parallel therewith.    He intended
to cross the tracks about 200 feet east of the point where
Apple and Front street make their junction, but that
crossing was blocked.    When he reached Front street, see-
ing that he could not cross where he had expected to, he
stopped his team and looked east down the track, the way
in which the train in question approached, and saw none,
though his observation was unobstructed for about a mile—
at least three-quarters of a mile.    He then turned his team
west and drove up Front street for a block to the next cross-
ing, a distance of about 430 feet, during which time he
could have seen a train approaching until within a short
distance of that crossing, but his back was to the train,
except for the last 130 feet—from Vine street to the cross-
ing—when his side was partly to the train, as that street
projects in a northwesterly direction.    As he was passing
over this crossing, the collision occurred which caused the
injury.    It seems there was a coal train at the station, and
that appellee thought it was on the main track, and not
expecting a train from the east, did not, after the time above
mentioned, look or listen for a train from that direction.
After looking, as above stated, for a train from the east, his

team took him to the other crossing on a trot, which occupied but a very short time, as the evidence would indicate, less than a minute. Others heard the train whistle for the village, and heard the rumble of the train as it approached. The appellant earnestly insists this state of facts shows that appellee was negligent as a matter of law and asks us to so pronounce. "Negligence can not be conclusively established by a state of facts upon which fair-minded men may well differ." C. & E. I. R. R. Co. v. O'Conner, 119 Ill. 586; T. H. & I. R. R. Co. v. Voelker, 129 Ill. 540. As stated, this was an extra train, running very rapidly and at an unusual hour, and so passed through this village, without giving the statutory signals. The appellee having, less than a minute before the collision, looked down the track for nearly a mile and seen no train, it can not be conclusively presumed that it was negligence not to look again within that time, especially in view of the fact his duty was also to look to the west, as well as the east, which he did, and that, to a certain extent, he had a right to rely on a warning, if a train should approach, by the giving of the statutory signals.

Had the signals been given no one can say they would not have been heard by appellee and the accident avoided. Therefore, if the failure of appellant to give them was the proximate cause of the injury there is a liability. As said in R., R. I. & St. L. R. R. Co. v. Hillmer, 72 Ill. at p. 210: "A failure in any of these duties, on their part, should render them liable for the injuries inflicted, and for wrongs resulting from its omission. Their neglect to perform such duty can not be made the basis for predicating negligence against appellee. To so hold would be a perversion of the statute.

While the case is close on its facts, yet the issue was fairly presented and found against appellant, which we will not disturb. The judgment is affirmed.