# Chicago & Alton Railroad Company v. Martha Pelligreen.

1. INSTRUCTIONS—*Erroneous as Misleading.*—An instruction, stating that when witnesses are otherwise equally credible, and their testimony otherwise entitled to equal weight, greater weight and credit should be given to those whose means of information were superior, and also to those who swear affirmatively to a fact, rather than to those who swear negatively, or to want of knowledge, is erroneous as misleading, when given without another instruction clearly defining affirmative and negative testimony.

Trespass on the Case, for personal injuries. Appeal from the City
Court of East St. Louis; the Hon. BENJAMIN H. CANBY, Judge, presiding.
Heard in this court at the February term, 1896. Reversed and re-
manded. Opinion filed June 18, 1896.

WISE & McNULTY, attorneys for appellant.

WM. P. LAUNTZ, attorney for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE
COURT.

This case was before us at the February term, 1895, and
the judgment of the lower court in favor of Martha Pelli-
green was reversed and the cause was remanded because we
were dissatisfied with the verdict of the jury under the evi-
dence. 59 Ill. App. 558.

The cause has been tried again and another verdict has
been rendered in favor of the appellee. Even if the judg-
ment should be sustained under the evidence there is one
error of law, the giving of appellee's third instruction,
which would necessitate a reversal of the judgment. This
instruction is as follows :

" The court instructs the jury that when witnesses are
otherwise equally credible, and their testimony otherwise
entitled to equal weight, greater weight and credit should
be given to those whose means of information were supe-
rior, and also to those who swear affirmatively to a fact,
rather than to those who swear negatively, or to want of
knowledge."

There were abundant opportunities for the jury to mis-
use this instruction to appellant's prejudice, both as to the
manner in which the alleged injury was received, and as to
the nature and extent of the injury. With this instruction
before the jury, there arose a necessity for another instruc-
tion clearly defining affirmative and negative testimony.
The uninstructed mind would probably conclude that a
sentence which contains the word *not* is negative, and that
every other is affirmative. This being true the testimony of
appellee would be accorded more weight than would be

given to the testimony of any one who might deny her assertions. And yet the use of the word *not* is not the invariable test of negative testimony. Where one man swears that A struck B and another swears that A did not strike B, and both had equal opportunity to see and know the facts, the testimony of each of the witnesses is affirmative in the legal signification of the term. So the testimony of the brakeman in this case that he did not, on this occasion, push appellee, or any other woman, violently up the steps in helping her on the train, is not to be regarded as having less weight than appellee's testimony on that point simply because it is couched in negative terms. C., B. & Q. R. R. Co. v. Cauffman, 38 Ill. 424; R. R. I. & St. L. R. R. Co. v. Hillmer, 72 Id. 235; C., B. & Q. R. R. Co. v. Lee, 87 Id. 454.

The judgment is reversed and the cause is remanded.