## Mobile & Ohio R. R. Co. v. Michael R. Dugan.

1. RAILROADS—*Failure to Give Statutory Signals.*—The failure on the part of a railroad to give the statutory signals when approaching a crossing is *prima facie* evidence of negligence.

Action on the Case, for damages caused by collision with locomotive. Appeal from the Circuit Court of Monroe County; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

LANSDEN & LEEK, attorneys for appellant.

JOSEPH W. RICKERT and WILLIAM WINKELMAN, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Suit to recover damages to traction engine and separator, resulting from a collision with appellant's train at a road crossing. Verdict and judgment for appellee for $975, from which defendant appealed.

The only questions presented in appellant's brief are questions of fact. They are, in substance, was appellant negligent; if so, was appellee guilty of contributory negligence; and are the damages excessive.

It would serve no useful purpose to repeat and analyze in detail the evidence upon these points. It may be summarized as follows : The train approached from a reverse curve, and could be seen approaching from the crossing for sixty-four rods. There is a conflict in the evidence as to whether the bell was rung or the whistle sounded, as the statute requires, eighty rods from the crossing. The evidence that the statute in this respect was not complied with, was ample to warrant the jury in so finding. It is a case where, the curve in the track preventing the approach of the train from being seen for more than sixty-four rods, it was most important that the statutory signals should be given. If they were not given, it was *prima facie* evidence of negligence on the part of appellants. R. R. I. & St. L.

R. R. Co. v. Hillmer, 72 Ill. 240; T. H. & I. R. R. Co. v. Voelker, 129 Ill. 555; L. S. & M. S. Ry. Co. v. Parker, 131 Ill. 566; B. & O. S. W. Ry. Co. v. Wetmore, 65 Ill. App. 292; Morris v. Stanfield, 81 Ill. App. 264.

The evidence discloses that Cody, one of appellee's men, went on the crossing seventy-five or eighty yards in advance of the traction engine, and looked to see if any train was approaching. Seeing none, he signaled to appellee to come ahead, which he did. Appellee testifies that he looked up the track, before we started on, and saw no train. That he then started across, and got about half way over when the collision occurred. He is corroborated by other witnesses.

We think the jury was warranted in saying that appellee was in the exercise of ordinary care. If so, he was not guilty of contributory negligence.

Four witnesses testified as to the amount of damages, one of them a practical machinist, who was experienced in repairing threshers. They estimated the damages as from $950 to $1,000. One witness testified for appellant, also a practical machinist and repairer of engines and threshers, who estimated the damages at $321.20, and who stated he would contract to repair the engine and separator for that amount.

It was for the jury to fix the damages from this evidence. They saw and heard the witnesses and we are not warranted, under the evidence, in saying that their finding is incorrect.

Judgment affirmed.