# The Toledo, Wabash and Western Railway Co.

## *v.*

## John McGinnis.

1. Negligence—*railroad companies must use all due diligence to avoid injury to persons and property.* Whilst railroad companies are not required or permitted to fence their tracks in an incorporated town, still they are bound to use all due and proper diligence to avoid injury to property.

2. And they are not relieved from the duty of exercising such diligence as to stock wrongfully running at large or trespassing on their track or right of way.

3. Same—*failure to apply brakes.* To run a train composed of six or eight cars without a brakeman, is gross negligence; and when such a train is in motion, and there is apparent danger, such as to induce the engine-driver to whistle for putting on the brakes, and there is a brakeman on the train and he fails to apply the brakes, this implies gross negligence.

4. Contributory and comparative negligence. Although a plaintiff may be guilty of negligence which contributed to the injury complained of, he may still recover, if his negligence is slight and that of the defendant is gross, as compared with that of the plaintiff.

5. In an action against a railroad company for killing a colt, the evidence was, that the colt was on the railroad track when a train of several cars approached, and the engine-driver whistled for putting on brakes, which was not done, and it appeared that if the brakes had been applied in obedience to the signal, the train could have been controlled so as to prevent the accident, and no explanation was made why the brakes were not applied: *Held,* that even if the plaintiff was negligent in permitting the colt to run at large, his negligence was slight and that of the defendant gross, and that plaintiff was entitled to recover.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. HAY, GREENE & LITTLER, for the appellant.

Mr. JAMES A. KENNEDY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is urged that appellee has no right to recover in this case, because the agents of the company used every precaution which the law imposes to prevent the injury, and that as appellee's horse was running at large contrary to the town ordinance, he can not recover.

Whilst the accident occurred in an incorporated town, where the company is not required to fence, nor could it if it so desired, still it is bound, under the law, to use all due and proper diligence to avoid injury to both persons and property. Nor, as has been repeatedly held, does the fact that appellee's horse was running at large, contrary to the ordinance, absolve the company from diligence in operating their trains within the corporate limits. The mere fact that the animal may have been wrongfully at large, or even a trespasser on the track or right of way of the company, did not release them from the duty of using all reasonable efforts to preserve the property.

The long settled rule of law in this court, on the question of negligence, is, that although a plaintiff may be guilty of negligence, which may have contributed to the injury, he may still recover, if his negligence is slight and that of the defendant is gross, as compared with that of the plaintiff. The rule is, no doubt, a modification of the language of the earlier decisions of this court, although not in fact a material modification of the common law principle. Where courts state the rule differently, they hold, where the negligence of a plaintiff is slight and that of the defendant gross, that plaintiff's negligence did not contribute materially to the injury.

And, under the rule which we have adopted, that a plaintiff's negligence has contributed to the injury, he may, nevertheless, recover, when the acts of the defendant are willful, wanton, or so gross as to amount to recklessness. No person can wantonly or recklessly destroy the property of another. The law has not nor can it ever recognize such a right.

Then what was the negligence of appellee in this case? There is no evidence that he knew his colt was at large in the town. It does not appear that he lived in the corporate limits. For aught that appears, he may have resided in the country, where he had the unquestioned legal right to permit the horse to run at large, and it may have escaped and gone into the town. If such be the fact, then in what does his negligence consist? If guilty of any, it is very slight, and should not prevent a recovery, if the company was guilty of gross negligence.

Then, what was the conduct of appellant? The train was passing through a village, where there is at all times danger of inflicting injury upon persons and property, and there rested upon appellant the obligation to increase its vigilance and caution in proportion to the known danger of accident and injury to others. Appellant would be guilty of negligence by running through a town at a high rate of speed, such as to place its trains beyond the reasonable power to control them, so as to prevent injury. The train was but leaving the depot, when the rate of speed would be little, and we fail to see any necessity for raising it to any great extent before passing the cattle-guard, where the accident occurred. Witnesses say the train was running at the rate of seven or eight miles an hour. The speed must have been at least that, if not greater, as it appears the horse was in a brisk trot before the engine, and its speed was increased to a lope, and yet the train gained upon it so rapidly that it was caught at the cattle-guard, before it could turn to one side and leave the track, when struck.

We are of opinion that this was a higher rate of speed than due caution would authorize, under the circumstances.

Again, it was in daylight, and the animal must have been seen by the engine-driver, and he seems to have increased, instead of slackening his speed, until an instant before the collision occurred, when he reversed his engine, but, as he should have known, without effect. It is true, he whistled for putting on brakes, but the signal was not responded to by a brakeman, either because there was no brakeman on the train or he failed to perform his duty. A witness, who had been three years a brakeman on a road, who saw the occurrence, says that had the brakes been applied, the train could have been controlled, so as to have prevented the collision. The engine was only reversed a second before the horse was struck.

It seems to us that it will not be controverted that it would be gross negligence to run such a train, composed of six or eight cars, without a brakeman; and it, unexplained, implies gross negligence, if there was a brakeman aboard, for him to fail to apply the brakes when required by his superior officer. If there was a brakeman on the train, it could have been readily proved, but no such proof was made; or had there been, and the brakes not applied, and any sufficient reason existed, it could have been shown, but no such evidence was introduced; and, from plaintiff's evidence, it may be reasonably inferred that there was no brakeman, or if there was, no reasonable excuse could be given for failing to apply the brakes.

Even if there was negligence on the part of appellee, in permitting his horse to run at large, still we think his negligence was slight and that of appellant gross, and that the judgment is fully warranted by the evidence.

The case of *The Rockford, Rock Island and St. Louis Railroad Co.* v. *Linn*, 67 Ill. 109, does not control this case, as the facts are essentially different. There, the animal was not, as in this case, in front of the train, but was on one side, and

ran from the outside of the track into the driving wheel. The engine-driver, in that case, had no reason to suppose that the animal would thus approach and run into the train, whilst in this case the horse ran on the track in front of the engine, showed no disposition to leave the track, and the engine-driver must have known that it would probably not leave the track until it reached the obstruction caused by the cattle-guard, and he had it in his power to have given it the opportunity to do so, without injury or danger to the interests of the company, and in failing to do so, he was guilty of such negligence as should render the company liable.

The judgment of the court below is affirmed.

*Judgment affirmed.*