JAMES STRATTON

*v.*

THE CENTRAL CITY HORSE RAILWAY COMPANY.

*Filed at Ottawa May 18, 1880.*

1.   INSTRUCTION—*when should accurately state the law.*   In an action on the case to recover damages for a personal injury alleged to have been caused by negligence of the defendant, in which the question of contributory negligence

arises, and where the evidence is very conflicting, it is important that the jury should be accurately instructed.

2. SAME—*as to degree of evidence required.* It is error to instruct the jury that it is necessary for the plaintiff to prove a material fact, or that it should be made to appear from the evidence "*to the satisfaction of the jury.*" The law does not demand that every material allegation shall be established to the satisfaction of the jury, and it is error to so instruct. The jury in a civil case are to decide facts upon the weight or preponderance of the evidence, even though the proof does not show such facts to their satisfaction.

3. SAME—*stating exceptions to general rule.* It is not required that all the law on the subject of negligence shall be embodied in one instruction, nor is it necessary in all cases, where the general rule of law is stated, to state all the exceptions to it. Where the further explanation showing the exception to the rule is given to the jury in another part of the charge, an omission to insert the exception in each statement of the general rule will not be regarded as vicious or erroneous.

4. NEGLIGENCE—*contributory.* The general rule of law is, that where the plaintiff was himself guilty of negligence which contributed to the injury alleged to have been caused by the defendant, he can not recover. In this State, however, the rule is not without its exceptions, and when the injury is the result of gross negligence in the defendant, the plaintiff may maintain his action, although his own negligence contributed to the injury, if his own negligence was but slight.

5. SAME—*instruction as to plaintiff's care.* In an action to recover for an injury caused by negligence of the defendant, an instruction on the part of the defendant that the plaintiff can not recover unless the proof shows that by the exercise of *proper care* he could have averted the injury, is erroneous, as it submits a question of law to the jury as to what is proper care, and does not confine them to the fact whether the plaintiff used *ordinary care,* which is all the law requires.

6. SAME—*what is gross.* To instruct the jury that if the plaintiff failed to exercise ordinary care, he was guilty of gross negligence, and that if he was injured for the want of ordinary care, no action will lie unless the defendant wilfully inflicted the injury, presents unsound propositions of law. To say that every failure to attain the standard of ordinary care constitutes gross negligence is palpably an error, and one well calculated to mislead a jury.

7. SAME—*slight want of proper care will not prevent a recovery.* It can not be properly said in an instruction that where a person is injured for want of ordinary care on his part, no action will lie unless the injury was wilfully inflicted by the defendant, or that if it were reasonably possible for the plaintiff, under all the circumstances, to have prevented the injury by the exercise of *proper precaution,* and if such care would have averted the injury, in such case he was guilty of gross negligence and can not recover, unless the defend-

ant wilfully inflicted the jury. Aside from the deceptive and misleading character of the use of the phrase "reasonably possible," and the erroneous substitute of "proper precaution" for "ordinary care," it is palpably erroneous to say that when the plaintiff fails, in any degree, to use the full measure of care required of him, he can not recover unless the injury was inflicted wilfully.

8. SAME—*use of word wilfully in instruction.* In an action on the case against a horse railway company to recover for a personal injury received by the plaintiff, by being thrown from his wagon in attempting to cross the defendant's track in the street, alleged to have been caused by the negligence of the defendant in permitting its rails to remain too high above the level of the street, an instruction that, in a certain event, the plaintiff could not recover unless the injury was inflicted wilfully by the defendant, was held calculated to mislead from the use of the word "wilfully." It would in such connection doubtless be understood to mean that unless the injury was *intentionally* inflicted by the defendant, or, in other words, unless the defendant allowed its track to rise above the surface of the ground at the place of the injury for the purpose of injuring the plaintiff, or at least for the purpose of throwing people, who might chance to attempt to cross at that place, out of their wagons and wounding them.

9. LAW AND FACT. What is proper care to be exercised by a plaintiff suing for an injury caused by negligence is a question of law, but whether such care, which is ordinary care, has in fact been exercised in the conduct of a party in a given case, is a question of fact which may be properly submitted to the jury.

APPEAL from the Circuit Court of Peoria county.

This was an action on the case, brought by appellant against appellee, to recover damages for an injury to the person. The declaration alleged that the defendant negligently and unlawfully so constructed its track upon Adams street, in the city of Peoria, that its rail and superstructure were so raised above the surface of said road as to obstruct and render dangerous the passage of vehicles and public travel across and upon the same; and negligently and unlawfully permitted its tracks so to remain and be run and operated above the surface of said street, whereby public travel was rendered dangerous and obstructed; and that plaintiff, whilst traveling along said street in a wagon, which he was driving, attempted, in the exercise of due care, to cross the said railroad, and by reason

of the elevation of said track, through the negligence of said railroad company, he was thrown out of his wagon, and sustained great and permanent injury.

Some of the evidence *tended* to show that the track in question was from three to six inches above the level of the street, and that plaintiff attempted to cross it with a team and wagon, at an angle of about 45 degrees, at a time when the weather was stormy, and it was snowing; and that while so attempting to cross, and while exercising ordinary care, he was thrown from his wagon by reason of its jolting in consequence of the elevation of the track, and severely and permanently injured.

Other evidence tended to show that the track was about level with the street, and in good condition; and that the injury of plaintiff was the result of his own careless and reckless driving.

There was a trial by a jury, and a verdict and judgment in favor of defendant, from which plaintiff took this appeal. The assignments of error question the rulings of the court below in the admission and exclusion of evidence, the giving and refusing of instructions, and in overruling the motion for a new trial.

The 5th, 11th, 12th, and 27th instructions given for defendant were as follows:

"5th. You are also instructed, that in order to recover in this case it is necessary for the plaintiff to prove, or it should appear from the evidence, that he was not guilty of such negligence in driving and handling his team, at the time of the injury, as would or did contribute materially to cause the injury complained of; and such proof should be made by the plaintiff, or should appear from the evidence *to the satisfaction of the jury,* or you should find for the defendant. That is to say, the plaintiff, in order to recover, should show not only the negligence of the defendant, as charged, but also that he himself was not guilty of such gross carelessness or negligence as may have brought the blame upon himself, or with-

out which the injury would not have occurred.  In other words, he can not recover  unless he  has shown, or  unless it *appears by the evidence*, that by the exercise of proper care and prudence, under all the circumstances, he could not have averted the injury."

" 11th.   It is an essential element to the right of action, in all such cases as this, that the plaintiff or party injured must himself exercise ordinary care, such as a reasonably prudent person will always adopt for the security of his person or property.   In case he fails to do so he is guilty of gross negligence, and can not recover.   The law is, that where a person is injured for the want of ordinary care, no action will lie, unless the injury is *wilfully* inflicted by the defendant. This is the rule of law where such caution on the part of plaintiff would prevent the injury complained of."

" 12th.   If the plaintiff, by the exercise of ordinary care and reasonable prudence, could have prevented the injury, but did not do so, then he was guilty of gross negligence."

" 27th.   If it was reasonably possible for plaintiff, under all the circumstances, to have prevented the injury to himself by the exercise of *proper* precaution at the time of the injury, as mentioned in the instructions herein, and if such care on the part of plaintiff would have averted the injury complained of, but he failed to exercise such care and was injured, then in such case he was guilty of gross negligence and can not recover, unless he has shown by a preponderance of all the evidence that the defendant wilfully inflicted the injury upon him."

Messrs. HOPKINS & MERRON, for the appellant:

The appellee's fifth instruction is clearly erroneous.   It announces the rule that appellant could not recover unless it appeared by the evidence that he had been guilty of no negligence which contributed materially to the injury.   This is a violation of the rule of comparative negligence.   The principal cases in which this subject has been considered by this

court are these: *Galena and Chicago Union R. R. Co.* v. *Jacobs*, 20 Ill. 478; *Chicago and Alton R. R. Co.* v. *Hogarth*, 38 id. 370; *Chicago, Burlington and Quincy R. R. Co.* v. *Triplett*, 38 id. 482; *Same* v. *Payne*, 49 id. 499; *Same.* v. *Same*, 59 id. 534; *Chicago and Alton R. R. Co.* v. *Pondrom*, 51 id. 333; *Chicago and North Western R. R. Co.* v. *Haens*, 54 id. 528; *Chicago, Burlington and Quincy R. R. Co.* v. *Dunne*, 61 id. 385; *Indianapolis and St. Louis R. R. Co.* v. *Stables*, 62 id. 313; *Toledo, Peoria and Warsaw Ry. Co.* v. *Spencer*, 66 id. 528; *Illinois Central R. R. Co.* v. *Moffett*, 67 id. 431; *Same* v. *Benton*, 69 id. 174; *Same* v. *Crain*, 71 id. 177; *Toledo, Peoria and Warsaw R. R. Co.* v. *McGinniss*, 71 id. 346; *Illinois Central R. R. Co.* v. *Hammer*, 72 id. 347; *Chicago, Burlington and Quincy R. R. Co.* v. *Patton*, 74 id. 91; *Toledo, Peoria and Warsaw R. R. Co.* v. *O'Conner*, 77 id. 391; *St. Louis, Vandalia and Terre Haute R. R. Co.* v. *Dunne*, 78 id. 197; *Kewanee* v. *Depew*, 80 id. 119; *Sterling Bridge Co.* v. *Pearl*, 80 id. 251; *Rockford, Rock Island and St. Louis R. R. Co.* v. *Delaney*, 82 id. 198.

Appellee's eleventh instruction states that "it is an essential element to the right of action" that appellant should show that he was in the exercise of ordinary care. This, we claim, is error. That which is essential to a recovery, is that *without which* there can be no recovery. This instruction is also a violation of the rule of comparative negligence, and takes that question from the jury. Appellant might recover, though he failed in some respects to exercise ordinary care, if· his neglect in doing so, when compared with appellee's negligence, bore the relation of slight to gross.

Appellee's twenty-seventh instruction lays down a rule of diligence both untenable and entirely impracticable. It announces that if it was "reasonably possible" for appellant to have avoided the accident, he could not recover. What is meant by a *reasonable possibility*, and where does it end? The bounds of possibility are indefinitely vast, and the bounds of reason are so great that they have never yet been reached.

Messrs. CRATTY BROS. & ULRICH, for the appellee:

It is claimed that our fifth instruction undertakes to decide a question of fact and decides it wrong.   Counsel are evidently considering the first part of the instruction, which does not justify the criticism made, but the entire instruction, consisting of three clauses, should be considered together. They are inseparably connected, and no jury could understand them in any other manner, and when considered as a whole it states the law correctly.

We insist the law is very accurately laid down in the eleventh instruction complained of.   Want of ordinary care, under the circumstances, is gross negligence, and where there is gross negligence there can be no recovery, unless the injury has been wilfully inflicted.   The principle of the eleventh is followed and reasserted in the twelfth, to which latter no exception is taken.   The eleventh instruction is sustained in the case of *Chicago, Burlington and Quincy R. R. Co.* v. *Lee*, 68 Ill. 576.

What is meant by the words "reasonably possible" in the twenty-seventh instruction is fully and carefully stated by the words following.   It is well guarded by apt language and could not mislead or cause error.

As sustaining the theory of the defence and the foregoing, we cite a few authorities:   *Chicago and Alton R..R. Co.* v. *Gretzner*, 46 Ill. 74; *Chicago and North Western Ry. Co.* v. *Sweeney*, 52 id. 325; *Illinois Central R. R. Co.* v. *Hall*, 72 id. 222; *Same* v. *Hammer*, 72 id. 347; *Grand Tower M. and T. Co.* v. *Hawkins*, 72 id. 386; *Illinois Central R. R. Co.* v. *Goddard*, 72 id. 567; *Same* v. *Benton*, 79 id. 174; *Village of Kewanee* v. *Depew*, 80 id. 119; *Toledo, Wabash and Western Ry. Co.* v. *Mopler*, 76 id. 278; *Chicago, Burlington and Quincy R. R. Co.* v. *Van Patten*, 64 id. 510; *Same* v. *Lee*, 68 id. 576; *St. Louis, Alton and Terre Haute R. R. Co.* v. *Manly*, 58 id. 300; *Lovenguth* v. *City of Bloomington*, 71 id. 238; *City of Centralia* v. *Krouse*, 64 id. 19; *Buckingham et al.* v. *Fisher*, 70 id. 124; *City of Aurora* v. *Pulfer*, 56 id. 270; *Illinois Cen-*

*tral R. R. Co.* v. *Lutz,* 84 id. 598; *Toledo, Wabash and West-ern R. R. Co.* v. *Grable,* 87 id. 441.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The evidence introduced upon the trial of this case in the court below was extremely conflicting,—so much so that it became important the jury should be accurately instructed. Numerous objections are made to instructions given by the court below, but it will be unnecessary to notice all of them, and we shall consider only the fifth, eleventh, twelfth and twenty-seventh instructions given on behalf of appellee.

The fifth instruction given at the request of appellee was faulty in telling the jury not only that "in this case it is necessary for the plaintiff to prove (or it should appear from the evidence) that" plaintiff "was not guilty of such negligence * * * * as would or did contribute materially to the injury," but also that this should be made to appear "*to the satisfaction of the jury.*" This language is too strong. Juries are required in civil cases to decide facts upon the weight or preponderance of the evidence, and this, too, where the proof does not show the fact in question to the satisfaction of the jury. In such cases the jury may find any given fact in a given way, upon their judgment as to the weight or preponderance of the evidence, though they may have reasonable doubts as to the real truth. The law in such cases does not demand that every material allegation be established to the satisfaction of the jury, and it was error to tell the jury so in the instruction.

Appellant insists that the instruction is bad because it takes no note of cases where the negligence of defendant is gross, and does not limit the rule as to contributory negligence to cases where defendant's negligence is not gross.

The general rule of law is, that where the plaintiff was himself guilty of negligence, which contributed to the injury alleged to have been caused by defendant, he can not recover. In this State it has long been held that that rule is not without

its exceptions; and that in exceptional cases, where the injury is the result of *gross* negligence in defendant, plaintiff may maintain his action, although his own negligence contributed to the injury, if his own negligence was but slight.

It is not required that all the law on the subject of negligence should be embodied in one instruction; nor is it always necessary in all cases, where the general rule of law is stated, that all exceptions to the rule should be stated. Where the further explanation, showing the exception to the rule, is given to the jury in another part of the charge, an omission to insert the exception in each statement of the general rule will not be regarded as vicious or erroneous. In this case, however, we fail to find an accurate explanation of the rule in case of gross negligence in defendant.

In another part of this instruction the jury are told plaintiff can not recover, unless the proof shows that by the exercise of *proper care* he could not have averted the injury. This is not a satisfactory statement of the law. The *law* prescribes the *degree* of care *required* in every class of cases—in other words, what is proper care is determined by the law, and is to be declared by the court; whether *such* care has in fact been exercised in the conduct of a party in a given case, is a question of fact, which may properly be submitted to a jury. The law, in this case, made it the duty of plaintiff to exercise ordinary care.

This instruction leaves the jury to determine the question of law as to what is *proper* care, or as to what degree of care the law requires in such case, and they are not confined to the question whether the plaintiff used ordinary care.

By the eleventh and twelfth instructions given at the request of the defendant, the jury are told that if plaintiff failed to exercise ordinary care, he was guilty of *gross* negligence; and, also, in the eleventh it is said that where the plaintiff is injured, for want of ordinary care, no action will lie unless defendant *wilfully* inflicted the injury. These propositions are unsound. Negligence is a failure to exercise the care

required by law.   In cases were the law requires the exercise of ordinary care, and requires no more, the slightest failure in that regard is negligence.   It is plain that in such case a party may exercise some care, and yet not so much care as men of ordinary prudence would usually use under such circumstances, and hence would be somewhat at fault; and it is plain that the care, so exercised, may vary in degree, ranging through every point, from the least possible care which can be regarded at all as care, up to the point where the care so exercised falls short of the standard of ordinary care in the least possible degree.   To say, then, that every failure to attain the standard of *ordinary* care constitutes gross negligence, is palpably an error and one well calculated to mislead a jury.

Nor can it properly be said, as is stated in the eleventh instruction, that, "where a person is injured for want of ordinary care, no action will lie, unless the injury is wilfully inflicted by the defendant," or, as is said in instruction number 27, that if it were reasonably possible for plaintiff, under all the circumstances, to have prevented the injury by the exercise of proper precaution, and if such care would have averted the injury, in such case he was guilty of gross negligence, and can not recover, unless the defendant wilfully inflicted the injury.

Aside from the deceptive and misleading character of the use of the phrase, "reasonably possible," and the erroneous substitution of "proper precaution," for "ordinary care," it is a palpable error to say, that where plaintiff fails in any degree to use the full measure of care required of him, he can not recover, unless the injury was inflicted *"wilfully"* by the defendant.   A jury, in such connection, would doubtless understand the word "wilfully" to mean the same as the word "intentionally," and would understand that if plaintiff failed in *any degree* whatever to use care up to the standard of "ordinary care," then, no matter how far defendant may have fallen short of ordinary care in the matter, or how grossly

destitute of care the conduct of defendant may have been, still, in such case no recovery can be had, unless the injury was *intentionally* inflicted by defendant, or, in other words, unless this railroad company allowed its track to rise above the surface of the ground at this place for the purpose of injuring this plaintiff, or at least for the purpose of throwing people, who might chance to attempt to cross at that point, out of their wagons and wounding them. The proposition, when analyzed, is simply absurd. The court below gave too many instructions—so many that the charge, for this reason alone, was calculated to confuse, rather than to enlighten.

It is not for us, or the court below on the trial, to express any opinion upon the weight of the evidence in this case, or on the question of whether the plaintiff's conduct was in fact free from negligence, or, if negligent, whether his negligence was of great or slight degree; nor to say whether defendant was guilty of a want of care at all or not, nor, if guilty of any want of care, whether its shortcomings in that regard were great or small, gross or slight.

For the errors indicated the judgment must be reversed, and the cause remanded for another trial.

*Judgment reversed.*