# P. M. SULLIVAN
## v.
## MARY DEE.

1. TRESPASS—DAMAGES—SMART MONEY.—To warrant exemplary damages or smart money, there must be gross fraud, malice, wanton or oppressive conduct, or a willful injury. In the absence of these elements, the damages should be restricted to compensation for the injury sustained.

2. INSTRUCTION AS TO DAMAGES.—In an action of trespass for breaking in and carrying away goods, an instruction that if the jury find the property belonged to the plaintiff, they were bound to give her such amount as would compensate her for the damage sustained, places the right of recovery solely upon the right of property, wholly ignores the issue on the plea of not guilty, and is therefore erroneous.

3. PLEA IN ABATEMENT.—A plea in abatement must be interposed at the earliest opportunity; it comes too late after pleading to the declaration.

APPEAL from the City Court of East St. Louis; the Hon. CHAS. P. WARE, Judge, presiding. Opinion filed April 7, 1881.

Messrs. FLANNIGAN & CANBY and Mr. J. B. MESSICK, for appellant; that an amendment in mere matter of form gives no ground for a continuance, cited Scott v. Cromwell, Breese 25; Eames v. Morgan, 37 Ill. 260.

Where a material amendment is made to a declaration, it becomes a new declaration which the party has a right to prepare to defend: Brown v. Smith, 24 Ill. 198; Archer v. Claflin, 31 Ill. 307.

A pending action of replevin for the recovery of the goods is a good plea to an action of trespass against the defendant, and another for taking the same goods: Karr v. Barston, 24 Ill. 581.

Pleading over after demurrer sustained to a plea in abatement is not a waiver of the plea: Delahay v. Clement, 3 Scam. 201; Weld v. Hubbard, 11 Ill. 573.

To warrant exemplary damages, gross fraud, malice or oppression should appear: Chicago v. Martin, 49 Ill. 241; T. P. & W. R. R. Co. v. Arnold, 43 Ill. 418; Waldron v. Marcier, 82 Ill. 550; Gravett v. Mugge, 89 Ill. 218; Becker v. Dupree, 75 Ill. 167; Miller v. Kirby, 74 Ill. 242.

Appellee cannot maintain trespass *quare clausam* when she has no interest in the premises: Halligan v. C. R. I. & P. R. R. Co. 15 Ill. 558; Dean v. Comstock, 32 Ill. 173.

In trespass *de bonis asportatis* no more than the value of the property can be recovered: 2 Sedgwick on Damages, 487; Johnson v. Camp, 51 Ill. 219; Hessing v. McCloskey, 37 Ill. 341; Gilson v. Wood, 20 Ill. 37.

Mr. GEO. D. GREEN and Mr. L. H. HITE, for appellee; that pleas in abatement should be filed at the first opportunity, cited Randolph v. Emerick, 13 Ill. 344; Moeller v. Quarrier, 14 Ill. 280; Gilmore v. Nowland, 26 Ill. 200; Archer v. Claflin, 31 Ill. 307.

BAKER, J. This was trespass *quare clausum fregit* and for seizing, carrying away and converting certain articles of furniture.

The court at the instance of plaintiff instructed the jury that if they believed from the evidence the property in the declaration mentioned was that of Mary Dee, then the jury were bound to find for the plaintiff, Mary Dee, such amount as would compensate her for the damages she had sustained. This made the right of recovery depend solely on the one question of the plaintiff's right of property. It wholly ignored the issue on the plea of not guilty; and virtually informed the jury that notwithstanding it might be that no trespass whatever had been committed, or even if defendant was in no way connected with the act of White and Stack in taking the furniture, yet plaintiff had a cause of action against him, provided the furniture described in the declaration belonged to her. It was error to give such an instruction. The second instruction given for the plaintiff was as follows : " If the jury believe from the evidence that the defendant willfully and wrongfully by his agents entered the place of dwelling of the plaintiff and willfully and wrongfully seized and carried away the goods and chattels of the plaintiff described in the declaration with a mortgage executed by Thomas Dee, then it makes no difference if plaintiff has retaken said property by a

Sullivan v. Dee.

writ of replevin, the jury will find a verdict for the plaintiff, in such sum, not exceeding $5,000, as they believe from the evidence Sullivan should pay as smart money for the wrong done." There is no question, from the evidence, but that Thomas Dee, husband of plaintiff, rented the dwelling house and occupied the same as the head of the family and lawfully licensed the entry therein. There is a question, however, as to whether the furniture in the house upon which he had given a mortgage to defendant was his property, as represented by him, or was the separate property of his wife. The tort if any was committed, was plainly caused by the fraudulent act of plaintiff's husband ; and there is no evidence to show that defendant had any notice that plaintiff even claimed the furniture as her property. And yet this instruction in substance told the jury that they must assess smart money provided the agents of the defendant "willfully and wrongfully seized and carried away the goods and chattels of the plaintiff." The only definition Bouvier, in his law dictionary, gives of "willfully" is "intentionally ;" and in Stratton v. Cent. City Horse Ry. Co. 95 Ill. 25, the Supreme Court say, "a jury would doubtless understand the word willfully to mean the same as the word intentionally." That the furniture, if taken out of the house at all was taken intentionally, there is no doubt. And if it was the property of the wife, and she had not consented to the mortgage or waived her right, it was of course "wrongfully" taken as against her. Under this instruction, then, the jury (although they might be satisfied there was no actual damage, and that defendant acted in the utmost good faith and in the most considerate manner, and really believed and had good cause to believe the furniture belonged to Thomas Dee, and had no intimation whatever to the contrary) had, the privilege of taking $5,000 out of the pockets of defendant as smart money, for the benefit of plaintiff. The instruction was vicious; it wholly ignored the requirement of the law that to warrant exemplary damages or smart-money there must be either gross fraud, malice, wanton or oppressive conduct, or a willful injury. In the absence of these elements the damages should have been restricted to compensation for the injury sustained.

There was no error in allowing the demurrer to the plea in abatement. Such plea must be interposed at the earliest opportunity; and in this case defendant could have filed the plea before demurring to the declaration, and by not doing so must be regarded as having waived it. And there not only is an omission to allege in the plea, " That the parties in this and the said former suit are the same, and no other or different persons." 2 Chit. Pl. 452; but the want of identity of parties affirmatively appears upon the face of the plea. If, upon demurrer sustained to a declaration, such amendment was made in the declaration as gave occasion for a plea in abatement, it may be there would be a right to file such plea; but here no such case appears, but the exact converse.

For the errors in the instructions of the court, the judgment is reversed and the cause remanded.