# ROBERT GLOVER
## v.
## JAMES GRAY.

1.   MASTER AND SERVANT—NEGLIGENCE.—In an action against an employer for injuries to an employe, a boy of twelve years, by reason of having an arm caught in machinery where the boy was at work, it is error to instruct the jury that the employe's knowledge of the danger is not be taken into account, in considering his right to recover, and that he cannot be said to contribute to the injury by knowingly incurring the risk.   The law imposes upon such employe that degree of care and caution which might reasonably be expected from a person of his years and understanding, in the same position, and surrounded by like circumstances.

2.   KNOWLEDGE OF DANGER.—Knowledge of danger not only implies a knowledge of the condition of the machinery, arising from its being open to inspection, but an understanding of the danger, resulting from that condition, and the question of the employe's knowledge of the danger should not have been excluded from the jury.

3.   CARE—WHEN A QUESTION FOR THE COURT.—It is for the court to declare what degree of care is required of the plaintiff, and what degree of negligence will render the defendant liable; but whether that degree of care has been exercised, or that degree of negligence been proven, are questions for the jury.

4.   COMPARATIVE NEGLIGENCE.—If negligence be imputed to both, then the plaintiff cannot recover, unless, on comparing the negligence of the plaintiff with that of the defendant, the former is found to have been slight and the latter gross, when regarded in the light of such comparison.

APPEAL from the Circuit Court of White county; the Hon. CHAUNCEY S. CONGER, Judge, presiding. Opinion filed October 6, 1881.

Messrs. BELL & GREEN and Mr. JOHN M. CREBS, for appellant; that the injury was caused by plaintiff's negligence, and there can be no recovery, cited Sinclair v. Berndt, 87 Ill. 174.

It is conceded that a child is required to exercise only that degree of care which a person of his age would naturally and ordinarily use in the same situation and under the same circumstances : C. & A. R. R. Co. v. Murray, 71 Ill. 601; Kerr. v. Forgue, 54 Ill. 482; St. Louis R. R. Co. v. Valirius, 56 Ind. 511; McMillan v. Burlington R. R. Co. 46 Ia. 231; Cleveland R. R. Co. v. Manson, 31 Ohio St. 451.

But to make the defendant liable they must prove some act of negligence on his part: Sullivan v. India M'f'g Co. 113 Mass. 395; Sinclair v. Berndt, 87 Ill. 174.

Messrs. McDOWELL & McCLINTOCK, and Mr. J. R. WILLIAMS, for appellee; that defendant was guilty of negligence in not having his machinery properly protected, cited Wharton on Negligence, § 211; C. &. A. R. R. Co. v. Sullivan, 63 Ill. 293; T. W. & W. R'y Co. v. Fredericks, 71 Ill. 294.

It is the duty of an employer, where young persons are employed about dangerous machinery, to take reasonable care to avert danger: Wharton on Negligence, § 859; Coombs v. New Bedford Cordage Co. 102 Mass. 573.

The credibility of witnesses is a question for the jury, and they have a right to take into consideration the interest which witnesses may have, growing out of their relation to their employer: Ammerman v. Teeter, 49 Ill. 400; Stampofski v. Steffens, 79 Ill. 303; French v. Milliard, 2 Ohio, 44; The People v. Bodine, 1 Edm. Select Cas. 36.

BAKER, J. Appellant was the owner and operator of a stave factory at Grayville. One portion of the machinery in use at the factory was the planer, or machine used to plane the heading for barrels. It consisted of a cylinder, having attached to it a number of blades or knives, and made some 3600 revolu-

tions per minute.   It was operated or worked by two persons, one at the front to feed or place in the rough staves, and one at the back to remove from the planer the smooth staves after they had passed through the machine.   The cylinder and knives were partly covered with a cap or bonnet.   The staves passing through the machine came out on a table about three feet and nine inches long (across the machine), and about twelve inches wide, and had to be picked up by the person engaged and carried two or three steps away.   While engaged in this latter work, appellee's right arm was caught and drawn into the planer and held there until it stopped the machine, and was so mangled that it had to be amputated near the shoulder.

At the time of the injury appellee was twelve and a half years of age, and had only been working there two days.   The first day and a half of his employment the boy was engaged in stacking heading on a wheelbarrow.   In the afternoon of the second day he went to work behind the planer.   The testimony was conflicting as to whether he was put to work there by the persons in charge of the stave factory at the time, or of his own accord traded places and work with another boy who had been employed there.   It appears, however, that William Glover, who had charge of the factory, saw him behind there at work and did not order him off, or caution him in any way. There was testimony tending to show that George Glover, who, it seems, also had some authority about the premises, told the boy to keep away from behind the planer, and work where he belonged.   There was testimony to show appellee was cautioned by the man who was feeding the planer, but it is conflicting as to whether it was against danger in working too close to the machine, or merely in regard to flying splinters. Appellee testified he had to put his hand a half foot from the knives to pick up the heading, and his left arm was full of heading when his right arm was caught in the machine; he did not know how his arm was caught; was taking heading away from the machine, and did not know anything about the machine, and that it was only a second until his arm was caught and entirely crushed.   There was also testimony tend-

ing to show a person's hand could not be caught by the planer without it was stuck in horizontally to where the knives were.

The first instruction given by the court for appellee was this: "That where one person employs another to work for him, and the person so employed is a child so young as to not appreciate the danger he is in, if he is placed in a dangerous position by his employer, his knowledge of the danger is not to be taken into account in considering his right to recover for an injury caused thereby, and he can not be said to contribute to the injury by knowingly incurring the risk, provided the evidence shows he used such a degree of care as is usual among children of his age." This instruction, possibly, might have been well enough, in a case where the plaintiff was an infant of such tender years as that he was plainly incapable of reason, and therefore incapable of being a juridical cause of the injury, either through his acts or omissions — in other words was *non sui juris;* but it is clearly not applicable to ɔ case where the plaintiff is a child of ordinary intelligence, and between twelve and thirteen years of age. It was held, in C. & A. R. R. Co. v. Gregory, 58 Ill. 226, that negligence could not be imputed to a child under five years of age, especially to one of less than ordinary mental capacity. It was improper, in this case, for the court to assume that a boy of the age of appellee, was wholly incapable of appreciating danger, or of exercising any degree of care whatever, and instruct the jury that the boy's "knowledge of the danger is not to be taken into account in considering his right to recover."

The plaintiff had accepted the employment, and it was, as the evidence shows, a service in which boys of his age, and even younger, are most usually engaged; and the duty was imposed on him to use that degree of care and caution which might reasonably be expected from a person of his years and understanding, in the same position and surrounded by like circumstances. For the exercise of such measure of capacity and discretion as he possessed, he was responsible. In this inquiry, "his knowledge of the danger" would be a most pertinent and important element to be considered, and it should not have been excluded from the deliberations of the jury.

Glover v. Gray.

Knowledge of the danger not only implies a knowledge of the condition of the machinery arising from its being open to inspection, but an understanding of the danger resulting from that condition. It is true the instruction concluded with the statement " provided he used such a degree of care as is usual among children of his age." But we are unable to see that this latter clause cured the vice; at best, it but made the instruction insensible and its two parts contradictory, and therefore calculated to mislead. If the plaintiff's knowledge of the danger and capacity to appreciate it are taken away, it is difficult to see upon what just theory any degree whatever of care to avoid that danger can be required of him.

The seventh instruction was as follows: " 7. That if the jury believe, from the evidence, that the plaintiff was near machinery from which he might receive injury, and was careless or negligent in his conduct or work, that it is a circumstance for the jury to consider in arriving at the conclusion as to whether he was of an age capable of appreciating the danger of the position he occupied or not, or whether he was using such a degree of care as was usual among children of his age." The carelessness and negligence of appellee do not prove that he was exercising the degree of care that is usual with children of his age, nor do they prove, or tend to prove, he was not of an age capable of appreciating the danger of the position he occupied. It is hardly sound to say that proof of negligence is either proof of a want of capacity to appreciate danger, or is proof that some degree of care was exercised; and yet this seems to be the substance of the instruction. The reasoning is sophistical and fallacious, and it was error to give it. The second instruction assumes to determine the degree of negligence of which defendant was guilty, if negligent at all, and defines it to be gross. It is for the court to declare what degree of care is required of the plaintiff, and what degree of negligence will render the defendant liable; but whether that degree of care has been used and that degree of negligence proven, are questions of fact for the jury. Stratton v. Central City R'y Co. 95 Ill. 25.

The fifth and sixth instructions seem to ignore the matter of

the conduct of appellee and to make appellant liable, although the injury might have been the direct result of appellee's own negligence. The evidence shows the machinery of appellant was of the most approved kind and was in perfect order; that whatever was dangerous in its character, was visible and apparent, and that there was ample room and space for the employe to perform his duties safely. If appellant was guilty of negligence, it must have been because he or his foreman placed appellee, or knowingly permitted him to remain, in a position, the work of which he was manifestly incapable of performing with safety, or because they failed to give him such information and instructions as would enable him, with such care and attention on his part as he would reasonably be presumed capable of exercising, to do his work there safely.

Only that degree of care and caution is to be required of appellee, it is reasonable to expect from and is usually found in a child of his age and mental capacity placed under like circumstances. If we assume there was negligence on his part, and that he did not use that care which the law imposed on one of his age, then it is a question for the jury whether he was guilty of any considerable degree of negligence, or whether the accident occurred from some slight negligence or inadvertence growing out of inexperience and want of reasonable notice of the perils to which he was exposed. If negligence is to be imputed to both appellee and appellant, then there can be no recovery, unless, on comparing the negligence of appellee with that of appellant, the former is found to have been slight, and the latter gross, regarded in the light of such comparison. These are questions for the jury, and should be submitted to them under proper instructions. For the errors in the instructions the judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.