City of Galesburg v. Benedict.

CITY OF GALESBURG

v.

JOHN R. BENEDICT.

*Municipal Corporations—Defective Sidewalk—Action for Damages for Personal Injuries—Demand—Evidence—Instructions—Comparative Negligence—Exhaustive Review of Authorities—Practice.*

1. In an action against a municipal corporation to recover damages for personal injuries caused by a defective sidewalk, it is *held:* That the evidence sustains the verdict of the plaintiff; that the court properly refused to appoint a commission of physicians, when the case was on trial, to visit and examine the plaintiff at his residence; and that there was no serious error in the admission of certain statements made by the plaintiff to his physician, or in granting and refusing instructions.

2. In an action of trespass to recover unliquidated damages it is not a valid objection that the claim was not presented for payment before the commencement of the suit.

3. Upon an exhaustive review of the authorities this court holds that, in actions for damages for personal injuries, it is discretionary with the trial court whether to give or to refuse an instruction on the question of comparative negligence.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding.

Statement by LACEY, J.   This was a suit in trespass commenced by appellee December 31, 1885, in the Circuit Court, alleging that on the 2d day of July, 1885, the appellant had control of a public sidewalk on the east side of West Street, and wrongfully suffered the same to become dangerous, and that the appellee while using due care, tripped on a loose board, fell and became greatly injured and damaged in consequence in the sum of $5,000.   There was the plea of the general issue filed on trial by the court and jury, February 12, 1886, the jury finding verdict for the appellee in the sum of $1,250, on which verdict the court rendered judgment from which the appellant takes this appeal.         •

Mr. FLETCHER CARNEY, for appellant.

The plaintiff passed over the walk where the injury occurred six times each day.   If he had notice of its bad condition and walked over it in the night, as he would over a good walk, he could not recover.

If the walk was not in a condition so that he, in the use of reasonable care, should be chargeable with notice, then it could not be said that the city was chargeable with notice.   If it was in condition to charge the city with constructive notice, then certainly he, passing over it six times a day, would be chargeable with constructive notice; yes, more; with actual notice. It is nonsense to say, under such evidence, that the city was guilty of a want of reasonable care, and at the same time plaintiff was not guilty of some negligence.

From the evidence in this case there can be no question that if defendant was guilty of negligence in allowing the walk to remain out of repair, then, plaintiff passing over the walk six times a day, must be guilty of negligence also.   It was for the jury to determine, under proper instructions as to the law, whether that of the city, if any, was gross as compared with that of plaintiff.   C. & A. R. R. Co. v. Bonifield, 104 Ill. 223.

If a plaintiff is entitled to have a jury instructed that, even if he is guilty of slight negligence, he can recover if defendant is guilty of gross negligence compared with that of plaintiff, then the defendant is equally entitled to have the jury

City of Galesburg v. Benedict.

instructed that if plaintiff is guilty of even slight negligence he can not recover unless the defendant is guilty of gross negligence as compared with his.

In this case the jury were entirely uninstructed as to the rule of comparative negligence; and, uninstructed, what would be more natural for a jury than to apply the general rule as to other matters in civil cases, i. e., that of preponderance. Then a mere preponderance of negligence on the part of the city, appearing from the evidence, would cause them to find for plaintiff. "Where both parties have been guilty of negligence, this court has never held that the mere preponderance against defendant will render him liable." C. & N. W. R'y Co. v. Dimick, 96 Ill. 42.

Messrs. McKENZIE & CALKINS, for appellee.

LACEY, J. The appellant objects to the verdict because it was contrary to the weight of the evidence and that the court erred in not appointing proper and competent physicians on its motion, to visit the appellee at his residence, four blocks away from the court house, where the trial was progressing, to examine him, and after a proper examination by such physicians, to testify in the case. It is further objected that the court allowed Dr. Cooper to testify as to what appellee had told him, as follows: "Mr. Benedict stated that he had fallen down and injured his shoulder and head 'again;' by and by these to some extent subsided, but he still complained of those pains." It is also insisted by appellant that the appellee's first and third instructions and appellant's ninth refused instruction, as given, were error, and also that the court particularly erred in refusing to give appellant's offered eighth instruction on the question of comparative negligence.

As this point is particularly insisted on, we will copy it in full; it is: "That if the jury believed from the evidence that the plaintiff, at the time he received his injury, was guilty of even slight negligence contributing to the injury, then he can not recover in this suit unless the evidence shows the city to have been guilty of gross negligence as compared with his

contributing to the injury; un'ess the evidence so shows, you will find a verdict for the defendant."

The above are the only objections urged by the appellant's counsel for reversal.

As to the points made that the evidence fails to sustain the verdict, we must say that we have carefully examined the record and the points as to the condition of the sidewalk at and for some time prior to the injury, and appellee's care to prevent accident, also as to appellee's injuries, and we are satisfied that the evidence fully sustained the verdict. The walk on which the injury occurred for some weeks, and probably much longer, was in a general dilapidated condition, the boards loose and gone and stringers rotten, and the time was sufficient, so that the city must be held to have had notice. The evidence as to the injuries was sufficient to sustain the verdict on that point.

We do not think the court erred in refusing to appoint a commission of physicians to examine appellee. There was nothing in the evidence or the circumstances that justified it, and there was no affidavit showing that appellee had been feigning an injury he had not received; besides, the motion was made while the case was on trial and appellee had produced all his evidence. Even if such action on the part of the court was proper at any time, we think under the circumstances it was not required at the time when the motion was made.

The ninth instruction of appellant, to the effect that if appellee had not presented his claim to the city treasurer for payment he can not recover, was properly refused. This was a suit to recover unliquidated damages in an action of trespass and need not be presented, prior to suit, or even demand made.

Upon examination of appellee's first instruction we find it in the proper form, not obnoxious to the criticism made on it by counsel for appellants.

We see no serious error in the admission of the evidence objected to. What appellee said in regard to how he felt was probably not proper; but no injury could result from that, as

City of Galesburg v. Benedict. .

the manner of the fall was clearly proven by other evidence. The rest of it was a mere expression of his sensations of pain and was proper original evidence and of a class always admissible.

We find no fault with the third of appellee's given instructions, or second, as it is marked in the abstract. Although the first part of it starts out with the statement that it was the duty of appellant to keep the sidewalk reasonably safe, secure etc., instead of, it was its duty to use reasonable care, etc., while it was not strictly accurate as stated, we think, taking it with what follows, it could not mislead in this particular; for it will be observed such was its duty if appellant had notice of the defects; and the last part of the instruction provides that if it had notice its duty was to repair it, which sufficiently explained the meaning of the instruction. We can not see that any fact was assumed as proven by the instruction.

We come now to consider the refusal to give the eighth instruction. Great confusion has existed in this State upon the subject of the law of negligence as applied in suits to recover damages for injuries received on account of the negligence of the defendants. Under the law there are duties and obligations resting upon each party as regards care and diligence before a recovery can be had on one side or prevented on the other. It is very important that the law should be clearly understood so that it may be easily and uniformly administered in the courts, delay prevented and certainty established.

Lawyers and judges throughout the States have differed widely, and the perplexing questions can scarcely be said to be yet fully settled, though much more clearly so than heretofore, and we anticipate that substantial agreement and clear understanding of the governing rules will be soon attained. The differences have grown out of the fact that the early judges of the Supreme Court attempted to lay down two distinct rules of the law of negligence, neither of which was at first very clearly defined. The profession was not fully able to understand them, and especially with reference to their relation to each other, and a question has arisen whether the early judges fairly understood them themselves, in all their

bearing, as they kept changing, defining and re-defining them to meet new questions as they arose.   An examination of the various early opinions of the court on the subject will clearly reveal what is here meant.   The judges were able men, and the questions new and not easily understood; and probably no judge could have succeeded better.   No confusion could have arisen if only one rule of negligence had been adopted to govern the rights of those receiving the injuries, as well as those who caused them.   In most States of the Union and in the United States Court, but one uniform rule governs.   Steam-boat New World et al. v. King, 16 Howard, 469.   The two rules adopted might, or might not, be in conflict with each other, depending upon the interpretation put upon them. Unless this could have been clearly understood originally, and the boundary lines of each clearly marked, inevitable confusion must follow, as, in fact, it did.   It will be our pains to show how these rules affect each other at present, as interpreted by the later in connection with the earlier decisions.   It may be proper to state, that the two rules may be looked on as one general rule with an exception, as has been held by at least one of the judges, the late Judge Dickey, in Stratton v. The Cen. C. H. R. W. Co., 95 Ill. 25.   We prefer, however, to state it as two rules, as it is doubtful whether it is an exception or two distinct rules.   We can examine the question better by regarding the rules apart.

The rules referred to are as follows :

*First.*   An injured party, as an absolute legal right without invoking the aid of any other rule of law, is entitled to recover damages from any person causing injury whereby damage results to his person or property, provided he legally establishes the following facts:   1. That at the time of receiving such injury he was in the exercise of ordinary care.   2. That the party causing the injury was not at the time of the injury in the exercise of ordinary care.   3. That such injury was the result of the latter's negligence.   4. If such injured party was at the time exercising any degree of care, less than ordinary care, or was grossly negligent, which is the same in law, he is absolutely barred from recovering, unless the party

inflicting the injury does so wrongfully, or his negligence is so outrageous as to amount to willfulness.

*Second*   In the above case the injured party may recover if he was only slightly negligent, and the injuring party was grossly negligent, and such negligence has the relation of slight and gross in comparison with each other

The above last mentioned rule originated with Judge Breese in the case of G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478. Judge Breese says in reference to the doctrine, after referring to some cases which he says are leading cases in England and in the States of the Union, and says: " Although the cases do not distinctly avow this doctrine in terms, there is a vein of it very perceptible running through very many of them, as, where there are faults on both sides, the plaintiff shall recover, his fault being to be measured by defendant's negligence, the plaintiff need not be wholly without fault, etc." This, then, was the origin of the doctrine of comparative negligence and was not based on express authority, but on " a vein."

The same doctrine was announced in numerous other cases, and among them the C. & A. R. R. Co. v. Gretzner, 46 Ill. 75, by Judge Breese, in which it was held, after citing other cases in support, that the doctrine was established. In C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 325, the doctrine was re-asserted by Breese. And finally in the case of T. W. & W. R'y Co. v. McGinnis, 71 Ill. 346, Judge Walker passed on the question again. He says: " The settled rule of law in this court on the question of negligence is that, though a plaintiff may be guilty of negligence which may have contributed to the injury, he may still recover if his negligence is slight, and that of the defendant gross, as compared with that of plaintiff. The rule is no doubt a modification of the language of the earlier decisions of this court, although not a materia modification of the common law principle. Where courts state the rule differently, they hold that where the negligence of the plaintiff is slight and that of the defendant gross, the plaintiff's negligence did not contribute materially to the injury." Those are Judge Walker's statements, but it may

be remarked in this connection, that in some States it is held that if the negligence of plaintiff contributes to the injury in any degree, he can not recover, and this rule was no doubt adapted in such cases of gross negligence on the part of the defendant in order to obviate hardship by not charging up such negligence to the public. In our State, the plaintiff is only bound to use ordinary care, and may be guilty, without damage to himself, of any negligence consistent with such requirements.

But one thing remarkable about this doctrine of comparative negligence is, that in none of the opinions, so far as we have been able to discover, was any question ever directly raised that required the court to compare the doctrine of comparative negligence and ascertain how it could exist or what possible use it had, when compared and regulated by the first rule which we have above set forth, until the case of Stratton v. Cent. City Horse R'y Co., 95 Ill. 25, arose. In that case the question came up before the court on the appellee's eleventh instruction, which was that " it was an essential element to the right of action that the appellant showed that he was in the exercise of ordinary care." The argument against that instruction was formulated in this wise : The instruction "is also a violation of the rule of comparative negligence." "Appellant might recover, though he failed in some respects to exercise ordinary care, if his neglect in doing so, when com pared with appellee's negligence, bore the relation of slight to gross." This argument was supported by the citation of twenty-one Illinois Supreme Court cases, all passing in one way and another on the subject of comparative negligence, commencing with the Jacobs case and ending with R. R. I. & S L. R. R. v. Delaney, 82 Ill. 198. The last case quoted did not raise the question of the meaning of the term " slight negligence," as used in the rule. In the Stratton case, *supra,* the court, speaking through Judge Dickey, undertook to explain what it meant and how it could be construed with reference to the rule of ordinary care. The court says : " To say, then, that every failure to attain the standard of ordinary care is gross negligence, is palpably an error."

City of Galesburg v. Benedict.

The court then held that the eleventh instruction, which told the jury "that where the plaintiff is injured from want of ordinary care no action will lie unless defendant wilfully inflicted the injury," was erroneous. The substance of the opinion was that the slight negligence spoken of in the rule of comparative negligence, was that degree less than ordinary care and not amounting to gross negligence.

The question again came up before the Supreme Court in the case of C. B. & Q. R. R. Co. v. Johnson, adm'r, 103 Ill. 512, where this part of an instruction came up for a decision as to its correctness: "But if the jury believe from the evidence that Johnson did not exercise ordinary care, yet that Johnson's negligence was slight and that the negligence of the defendant was gross in comparison with each other, then the plaintiff must recover." The opinion in that case was written by Justice Scholfield, who emphatically decided that the doctrine of the instruction was not the rule of law. Instead of adopting the meaning of slight negligence as held by Judge Dickey, that it was a slight falling off from the exercise of ordinary care, the court, in the Johnson case, held that the meaning of the term "slight negligence," as used in the connection with comparative negligence, must be understood to be the same as common law writers define it to be; that is, slight negligence is the want of great diligence, or only less diligence than that of very careful men. In connection with this definition, the definition of the only two other degrees recognized by law is given, to wit: want of ordinary care, a little more negligent than men ordinarily are, and the converse, ordinary negligence is—want of ordinary diligence. Gross negligence is the want of slight care—failing in the lowest decree of prudence. In the same case it is held that these are the only decrees of negligence known to the law.

With this definition of the term slight negligence as used in the instruction in question accepted, it follows as a logica' consequence that the instruction was vicious as it was impossible for the plaintiff not to be in want of ordinary care and at the same time to be only slightly negligent. But on the contrary, according to the definition in the Stratton case, given at

the same term, the instruction would have been proper, for in that case slight negligence would have rested somewhere be- tween ordinary negligence only, and gross negligence; the plaintiff would have been slightly less careful than ordinary men under the circumstances would be, and would have been excusable on account of the gross negligence of the defendant in comparison. The one definition may be compared with the want of ordinary care, being slightly less than that, while the other is an independent definition of slight negligence, and one guilty of it only is clearly *not in want of ordinary care at all.* He has exercised greater diligence than neces- sary to be in the exercise of ordinary care, and is on the op- posite side of the line slightly less negligent than is required to still be ordinarily careful. The occasion is present to choose one or the other of these definitions of the term " slightly negligent," either slightly more negligent than is consistent with ordinary care or slightly less negligent than may exist when there is ordinary care. In order to avoid mis- understanding and disputes over conclusions it is only requisite that the middle term in the syllogism should be employed uniformly in the same sense so far as the existing question is concerned. Sometimes strange things may be proven when a middle term is employed in a double sense. For instance, we may prove that feathers are opposed to darkness, thus:

" Light is opposed to darkness. Feathers are light. There- fore feathers are opposed to darkness."

It may be difficult to tell what the early judges meant by the term "slightly negligent," and they may have been inat- tentive themselves of the precise meaning—at least it has been a great puzzle to the profession. It may be thought, and not without a strong showing of reason, that the court at an early day intended to establish a rule that would aid an in- jured party to recover, in case he had not come quite up to the standard of ordinary care, but nearly so, where he could prove the other party was grossly negligent in comparison to his slight failure. And it may also be thought that when the court decided, as it has frequently done in the earliest cases, that, unless a party is in the exercise of ordinary care he can

City of Galesburg v. Benedict.

not recover, it referred to the general rule with this exception understood. In that view of the law the whole system would be consistent, and the rule would be of practical value.

According to the rule established in the Johnson case, and later affirmed in C. I. & S. Co. v. Martin, 115 Ill. 358, the principle of comparative negligence is completely stripped of all vitality.

There are no circumstances in which the rule of comparative negligence can be of any practical utility to the plaintiff, and it can not be invoked by the defendant at all. In the case of C., I. & S. Co. v. Martin, 115 Ill. 358, above cited, the same point was decided against the defendant that is raised here by the refused instruction complained of by appellant. That is, if the plaintiff is in the use of ordinary care and the defendant not in the use of ordinary care, and injury happens in consequence, that the plaintiff can recover without proof that defendant's negligence was gross in comparison to the plaintiff's negligence, which was slight, even if plaintiff was guilty of slight negligence. This opinion is based on the definition of the term "slightly negligent," given in the Johnson case.

The defendant can get no advantage from it, and it remains to be seen under what circumstances the plaintiff can do so.

The plaintiff is bound to show ordinary care; he can not escape that. The last case cited fully establishes that point as well as does the Johnson case, *supra*. He is compelled to prove that the defendant was not in the exercise of ordinary care. This entitles him to recover if the injury was caused by such negligence of the defendant. Now, admitting that plaintiff while in such exercise of ordinary care was slightly negligent, which he may be under the rule in the Johnson case, *supra*, what benefit would this comparative negligence doctrine be to him, he having a complete right to recover without ?

Why should he desire to prove in excuse of his slight negligence that the defendant was grossly negligent in comparision, especially as the defendant can not take any advantage of the fact that he does not prove it ? He may go ahead and prove

it. It would not be stating an untruth in an instruction to tell the jury solemnly he could recover in such case, if he showed the defendant's negligence was gross and his slight. He could recover, but he could recover without such proof—proof only of the defendant's want of ordinary care—in case damages resulted therefrom. We think that the Supreme Court recognizes the uselessness of such an instruction, as it says in the C. I. & S. Co. v. Martin, *supra*, " such an instruction might, without impropriety, have been given—it was not indispensable."

However the law may have been heretofore, it would seem that it would not be error to refuse such instruction. It is a discretionary matter with the court to give or refuse an instruction on the doctrine of comparative negligence.

The judgment is therefore affirmed.

*Judgment affirmed.*