THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY
COMPANY

v.

ABRAHAM BERLINK, by his next friend, etc.

1. RAILROADS—RUNNING AT PROHIBITED SPEED—CONTRIBUTORY NEG-
LIGENCE.—Apart from the provisions of the statute, that railroads running
their locomotives at a greater rate of speed than is permitted by any ordi-
nance of a city, such railroad shall be liable for all damage done to a person
by the negligence of such railroad or its agents, and such injury shall be pre-
sumed to have been done by the negligence of such corporation, it is unques-
tionably the law of this State that a plaintiff whose negligence has materially
contributed to the injury of which he complains, cannot recover therefor
unless it appears that his negligence was slight, and that of the defendant
gross in comparison.

2. LIABILITY AS AFFECTED BY THE STATUTE.—As affected by the statute
above cited, the liability of the railroad company is absolute only in the
absence of proof rebutting the statutory presumption of negligence; and when
the proof establishes contributory negligence on the part of the plaintiff, the
presumption of liability raised by the statute ceases, and as in other cases,
the plaintiff can recover only where his negligence is slight, and that of the
defendant gross.

3. INSTRUCTION—GIVING UNDUE PROMINENCE TO TESTIMONY.—An
instruction that singles out and gives prominence to portions of the testimony
is erroneous.

APPEAL from the Superior Court of Cook county; the Hon.
JOHN A. JAMESON, Judge, presiding.

Mr. C. D. ROYS, for appellant; that the plaintiff must show
that he exercised due care and diligence, cited Ill. Cent. R. R.
Co. v. Hetherington, 83 Ill. 510.

Where the plaintiff has been guilty of gross negligence an
action will not lie unless the injury was willfully or wantonly
inflicted: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; L. S. & M. S.
Ry. Co. v. Hart, 1 Chicago Law Jour. 298; Ill. Cent. R. R. Co.
v. Godfrey, 71 Ill. 500; Ill. Cent. R. R. Co. v. Hall, 72 Ill. 222;
C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; L. S. & M. S. R.
R. Co. v. Miller, 25 Mich. 274; Wharton on Negligence, § 384;
Galena, etc. R. R. Co. v. Loomis, 13 Ill. 548.

It is the duty of a person approaching a railroad cross-ing to look in every direction before attempting to cross, and a failure to do so is gross negligence: C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. R. I. & P. R. R. Co. v. Bell, 70 Ill. 102; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 510; C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; Ill. Cent. R. R. Co. v. Green, 81 Ill. 19; C. & A. R. R. Co. v. Jacobs, 63 Ill. 178; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; Ill. Cent. R. R. Co. v. Godfrey, 71 Ill. 500; R. R. Co. v. Houston, 5 Otto, 697; T. P. & W. R. R. Co. v. Riley, 47 Ill. 514.

The fact that the engine was running at a prohibited rate of speed does not relieve the plaintiff from the exercise of ordinary care, nor is it alone a sufficient reason for holding that the injury was willful or wanton: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; Artz v. C. R. I. & P. R. R. Co. 34 Iowa, 153; R. R. Co. v. Hunter, 33 Ind. 335; R. R. Co. v. Houston, 5 Otto, 697.

Where an infant insists upon his right of action, it is incum-bent upon him to show compliance with the conditions upon which such right is based, irrespective of his age: Heinzberger v. Second Ave. R. R. 40 N. Y. 570; Burke v. Broadway & Seventh Ave. R. R. Co. 49 Barb. 529; Lafayette & Indianapolis R. R. v. Hoffman, 28 Ind. 287; C. & A. R. R. Co. v. Becker, 76 Ill. 25.

Instructions must be based on evidence: G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478.

The negligence of the plaintiff must be slight and that of the defendant gross: Ill. Cent. R. R. Co. v. Goddard, 72 Ill. 567.

A failure to sound bell or whistle will not excuse the plain-tiff from exercising due care in crossing the track: C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; Ill. Cent. R. R. Co. v. Maffit, 67 Ill. 431.

An instruction to the effect that if the track was unobstruc-ted and nothing to prevent the plaintiff's view, he is guilty of negligence if he failed to look both ways before attempting to cross, should have been given as asked by defendant: T. W. & W. R. R. Co. v. Miller, 76 Ill. 278; C. & A. R. R. Co. v. Engle,

76 Ill. 317; Tefft v. Ashbaugh, 13 Ill. 602; Amos v. Sinnot, 4 Scam. 440; Pleasant v. Plant, 22 Wal. 116.

Rights which accrue under a statute and are not concluded by judgment, are lost by its repeal: Van Inwagen v. Chicago, 61 Ill. 31; Wilson v. O. & M. R'y Co. 64 Ill. 542.

Statutes will be interpreted so as to best promote the object intended: R. R. I. & St. L. R. R. Co. v. Heflin, 65 Ill. 366; Decker v. Hughes, 68 Ill. 33.

The verdict was against the weight of evidence: C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; Q. A. & St. L. R. R. Co. v. Wellhœner, 72 Ill. 60; R. R. I. & St. L. R. R. Co. v. Coultas, 67 Ill. 398; T. W. & W. R. R. Co. v. Miller, 76 Ill. 278; St. L. A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; Davenport v. Springer, 63 Ill. 276; C. B. & Q. R. R. Co. v. Parks, 18 Ill. 460.

Mr. ADOLPH MOSES, for appellee; that the negligence of a child is not to be measured by the standard of an adult, cited C. & A. R. R. Co. v. Becker, 76 Ill. 25; C. & A. R. R. Co. v. Murray, 71 Ill. 601; Kerr v. Forgue, 54 Ill. 482; C. & A. R. R. Co. v. Gregory, 58 Ill. 226.

The instruction given for plaintiff upon the liability of a railroad company by reason of running their engines at a prohibited rate of speed, was proper: P. C. & St. L. R. R. Co. v. Knutson, 69 Ill. 103; Rev. Stat. 1877, 773; Kissinger v. R. R. Co. 56 N. Y. 538; St. L. & T. H. R. R. Co. v. Dunn, 78 Ill. 197; T. W. & W. R'y Co. v. O'Connor, 77 Ill. 391; I. & St. L. R. R. Co. v. Peyton, 76 Ill. 340.

Upon the question of loss of rights accruing under a statute by a repeal of a statute: Rev. Stat. 1877, 960; Farmer v. The People, 77 Ill. 322; Roth v. Eppy, 80 Ill. 283.

If the negligence of the plaintiff is slight and that of defendant gross, a recovery may be had: G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478; C. & A. R. R. Co. v. Gretzner, 46 Ill. 76; St. L. A. & T. H. R. R. Co. v. Manly, 58 Ill. 300.

A less degree of negligence is required in a case where an infant is injured: Isabel v. Railroad Co. 60 Mo. 475; R. R. Co. v. Stout, 17 Wall. 660; R. R. Co. v. Gladmore, 15 Wall.

406; R. R. I. & St. L. R. R. Co. v. Delaney, 82 Ill. 198; Maher v. R. R. Co. 67 N. Y. 52; Wharton on Negligence, § 314; C. B. & Q. R. R. Co. v. Dewey, 26 Ill. 255.

The witnesses for defendant, being employes, all stand in the position of persons more or less accountable for the accident, and the jury are justified in giving their testimony less weight than that of others: C. B. & Q. R. R. Co. v. Triplett, 38 Ill. 484; C. B. & Q. R. R. Co. v. Cauffman, 38 Ill. 427.

Plaintiff need not aver that he was free from negligence: C. & N. W. R'y Co. v. Koss, 73 Ill. 394.

BAILEY, J. This was an action on the case brought by appellee against appellant to recover damages for a personal injury alleged to have been received by appellee, in consequence of the negligence of the agents and servants of appellant. At the time of the injury, appellee was a boy eleven or twelve years old, residing with his parents in the city of Chicago, about a block and a half distant from the point where appellant's railroad crosses Harrison street. It appears that on the 2d day of September, 1874, at about eight o'clock in the evening, appellee was sent by his father on an errand to a point on the other side of appellant's railroad, and that while standing upon, or attempting to cross the railroad track at Harrison street, he was struck by one of appellant's engines and knocked down and severely injured. On the trial below, the jury found a verdict for appellee, and assessed his damages at $4,000, for which sum and costs judgment was rendered against appellant.

The record shows that at the time of the injury, there was in force an ordinance of the city of Chicago, providing, that no locomotive engine should be driven or run upon any railroad track within said city at a greater speed than six miles per hour, and evidence was introduced at the trial, on behalf of appellee, tending to show that at the time of the injury, the engine was being run at a rate of speed prohibited by said ordinance. Under these circumstances the court gave to the jury, at the instance of appellee, the following instruction:

"The court instructs the jury, that the laws of the State of

Illinois provide, that whenever any railroad shall run any loco-motive engine at a greater rate of speed than is permitted by any ordinance of such city, such railroad company shall be lia-ble to the person aggrieved for all damages done to such person by the negligence of the railroad or its agents, and such injury shall be presumed to have been done by the negligence of such corporation; but such presumption may be rebutted by such railroad company by satisfactory evidence before the jury; so, if the jury believe from the evidence in this case, coming from the witness, or appearing from circumstances in evidence bear-ing upon such point, and considering the time and distance traveled by defendant's engine after crossing Harrison street going north, and re-crossing south, that at the time of the acci-dent in question, said locomotive engine was running across Harrison street at a greater rate of speed than six miles per hour, and that the plaintiff was injured on said Harrison street by said engine, then the law presumes such injury to have been done by the negligence of the defendant company, unless it appears from the evidence to the satisfaction of the jury that the plaintiff's negligence was gross and willful."

Apart from the provisions of the statute alluded to in this instruction, the law of this State unquestionably is, that a plaintiff whose own negligence has materially contributed to the injury of which he complains, cannot recover damages for such injury unless it appear that his negligence was slight, and that of the defendant gross in comparison therewith. The instruc-tion, however, lays down the rule that in cases coming within the purview of the statute, the plaintiff's right to a recovery is defeated by no degree of negligence on his part less than that which is gross or willful.

This statute (R. S. 1874, chap. 114, § 62,) is a modification of the act of February 16, 1865 (Pub. Laws, 1865, p. 103). Sec-tion 1 of the last named act provided that any railroad com-pany running its trains or engines through the limits of any incorporated city or town at a greater rate of speed than that permitted by the ordinances of such city or town, should be liable to each individual sustaining damage done by such train or engine to the full extent of such damage. Section 2, provided,

that if any live stock should thereby be killed, the same should be presumed to have been done by the negligence of the company or its agents. By the revision of 1874 these two sections are combined in one, and it is now provided that, whenever any railroad corporation shall run any train, locomotive, engine or car through the incorporated limits of any city, town or village at a greater rate of speed than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved, for all damages done the person or property by such train, locomotive, engine or car, and the same shall be presumed to have been done by the negligence of such corporation or its agents.

The act of 1865 was construed by the Supreme Court in the case of the Pittsburgh, Cincinnati & St. Louis R. W. Co. v. Knutson, 69 Ill. 103. It was there held that the first section of the act was designed to change the common law liability of railroad companies so as to render them absolutely liable for all injury done to persons when running at the prohibited speed, unless the negligence of the person injured was gross or willful. The second section, however, the court remarked, created only a presumption of negligence. Such presumption undoubtedly was susceptible of being rebutted by proof, and merely shifted from the plaintiff to the defendant the burden of proof as to such negligence. Now that both of these provisions are embodied in the same section, and made applicable to injuries to both persons and property, the question arises, whether in the absence of gross or willful negligence on the part of the person injured, the liability of the company remains absolute, or whether under the present statute such liability may not be rebutted by affirmative proof of such degree of negligence on the part of the plaintiff as would in other cases bar his recovery. If the former of these constructions is to prevail, it is difficult to perceive that any force whatever is given to the clause imported into the present statute from the second section of the act of 1865. Giving both clauses their proper and legitimate force, we are inclined to the opinion that, as the law now stands, the liability of the railroad company is absolute only in the absence of proof rebutting the statutory presumption

of negligence. It follows that where the proof establishes contributory negligence on the part of the plaintiff, the presumption of liability raised by the statute ceases, and as in other cases, the plaintiff can recover only where his negligence is slight, and that of the defendant gross. If we are correct in this construction of the statute, the instruction above recited is clearly erroneous.

The construction we have adopted seems to be fully supported by the decision of the Supreme Court in Illinois Central R. R. Co. v. Hetherington, 83 Ill. 510. In that case the evidence tended to show that the injury from which the plaintiff's intestate died, was received from one of the defendant's trains while running within the city of Chicago at a rate of speed prohibited by the same ordinance in evidence in this case. The Court, reversing a judgment for the plaintiff, say:

" While the rule is well settled in this State that a recovery may be had by a party who has been guilty of contributory negligence, where his negligence is slight and that of the defendant gross, yet the authorities all agree that it is an indispensable element to the right of action in every case, that the plaintiff, or party injured, must have exercised ordinary care, such as a reasonably prudent person will always adopt for the security of his person or property." And again:

" While it is true the railroad company was running its train at a greater rate of speed than allowed by the ordinance of the city of Chicago, yet that fact did not relieve the deceased from the exercise of ordinary care, nor can the speed of the train alone be regarded as furnishing a sufficient reason for holding that the injury was willful or wanton."

We think this instruction is further objectionable in that it singles out and gives undue prominence to a portion of the evidence bearing upon the question of the speed at which the engine was running at the time the plaintiff received the injury. The engine was a switch-engine, and was at the time being used to move a passenger train from a point south of Harrison street to appellant's passenger depot, situated a little over two hundred feet north of said street. The engine had just moved a portion of the train into the depot, and at the time of the

accident was returning for the residue. A considerable number of witnesses, including those in charge of the engine, and others standing within view, testify with more or less definiteness, as to the rate of speed at which the engine was moving. Some evidence also was given tending to show the length of time occupied in going to the depot and returning, and upon this evidence a computation is sought to be made from which to determine the speed. None of the witnesses pretend to have timed the interval with a watch or otherwise, and their estimates for such a purpose are manifestly of very little value. The instruction singles out the evidence bearing upon the time and distance traveled by the engine, and ignores that of the witnesses who saw and estimated the rate of speed at the time. It has been repeatedly held that an instruction which singles out and gives undue prominence to certain facts, ignoring other facts proved and of equal importance to a proper determination of the case, is erroneous. Calef v. Thomas, 81 Ill. 478; Homes v. Hale, 71 Id. 552; Hewett v. Johnson, 72 Id. 513; Evans v. George, 80 Id. 51.

It is further insisted by appellant that the verdict of the jury is against the clear preponderance of the evidence. As the case must be submitted to another jury, we do not deem it advisable to discuss the evidence further than to say, that we have carefully examined the record, and are of opinion that the preponderance of the evidence is clearly with the defendant, and that for that reason the verdict of the jury should have been set aside.

A number of other errors are assigned which we do not deem it necessary to consider, but for the errors above pointed out, the judgment will be reversed and the cause remanded.

Judgment reversed.