## THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY

v.

## THOMAS THOMPSON.

ACTION FOR LIABILITY CREATED BY STATUTE—CONTRIBUTORY NEGLIGENCE.—Although the statute relating to the use of machinery connected with tumbling-rods, makes a party who shall use such tumbling-rods without being properly boxed or secured, liable to a person injured thereby; yet in such cases the rule of contributory negligence prevails, as in other cases; and if the party injured is guilty of contributory negligence, he can not recover.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed February 3, 1882.

Messrs. BROWN, KIRBY & RUSSELL, for appellant; that to recover for such injuries the plaintiff must allege and prove that he was exercising due care, cited I. & St. L. R. R. Co. v. Evans, 88 Ill. 63; C. B. & Q. R. R. Co. v. Hazzard, 26 Ill. 373.

It is proper to reach any defect of substance in the declaration by motion in arrest of judgment: Wright v. Bennett, 3 Scam. 258; Smith v. Curry, 16 Ill. 147; Schofield v. Settley, 31 Ill. 515; Cook v. Orne, 37 Ill. 186; Haynes v. Lucas, 50 Ill. 436; Nelson v. Borchenius, 52 Ill. 236.

An instruction which assumes to give the facts of the case, and omits those that tend to the advantage of one party, is erroneous: Evans v. George, 80 Ill. 51; Homes v. Hale, 71 Ill. 552; Calef v. Thomas, 81 Ill. 478; Thorn v. McVeagh, 75 Ill. 81.

An instruction upon plaintiff's right to recover, which omits the question of reasonable care on his part, is erroneous: St. L. & S. E. R. R. Co. v. Britz, 72 Ill. 256; C. & N. W. R. R. Co. v. Clark, 70 Ill. 276.

Where the plaintiff's own unlawful act concurs in causing the injury, he can not recover compensation therefor: Harris v. Hatfield, 71 Ill. 298; Hall v. Corcoran, 107 Mass. 251; Wor-

cester v. E. M. Bridge Co. 7 Gray, 459; Staunton v. M. R'y Co. 14 Allen, 485; Holland v. City of Lowell, 3 Allen, 407.

An employe can not recover for an injury from defective machinery, unless his employer knew or ought to have known of the defect, and the employe did not know of it: M. R. & L. E. R. R. Co. v. Barber, 5 Ohio St. 541; Coon v. Utica & S. R. Co. 6 Barb. 231; Farwell v. B. & W. R. R. Co. 4 Met. 49; Hays v. W. R. R. Co. 3 Cush. 270; Albro v. Agawam Canal Co. 6 Cush. 75; Dillon v. U. P. R'y Co. 3 Dill. 320.

The servant takes upon himself the risk of all hazards incident to his employment: Clark v. St. P. & S. C. R'y Co. 9 N. W. Rep. —; Fleming v. St. P. & D. R'y Co. 6 N. W. Rep. 448; Davitt v. Pacific R'y Co. 50 Mo. 302; Kroy v. C. & M. W. R. R. Co. 32 Iowa, 357; Dynam v. Leach, 26 Exch. 221; Assop v. Yates, 2 H. & N. 768; C. & N. W. R. R. Co. v. Ward, 61 Ill. 130; C. & N. W. R. R. Co. v. Donahue, 75 Ill. 106; I. B. & W. R'y Co. v. Flannigan, 77 Ill. 365; T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Ill. Cent. R. R. Co. v. Cox, 21 Ill. 20.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellee; as to the liability of the company, and that in cases of a violation of a statute negligence is presumed, cited Ewing v. C. & A. R. R. Co. 72 Ill. 25; T. P. & W. R'y Co. v. Pence, 68 Ill. 524; T. P. & W. R'y Co. v. Logan, 71 Ill. 191.

Courts have repeatedly held railroad companies liable for damages resulting from a failure to fence: Corwin v. N. Y. R. R. Co. 13 N. Y. 42; Shepard v. Buffalo, etc., 35 N. Y. 641; Munch v. N. Y. C. R. R. Co. 29 Barb. 647; Shearman & Redfield on Negligence, § 372; St. L. A. & T. H. R. R. Co. v. Todd, 36 Ill. 409; C. & N. W. R. R. Co. v. Harris, 54 Ill. 528.

In cases of this nature, nothing but gross negligence on his part, will prevent plaintiff's recovery: Somerville v. Marks, 58 Ill. 371; Sangamon Dis. Co. v. Young, 77 Ill. 197.

DAVIS, J. This was an action on the case commenced by appellee against appellant to recover for personal injuries received by the former under the following circumstances.

At Alexander Station appellant had a pump which was

worked by means of a horse-power, with shafting which was three lengths of about eight feet each. The pump was situated between the main and side tracks, and the horse-power was north of the side track. The tumbling-rod passed under the rails of the side track and connected with machinery used for letting off the water from the water-tanks, hauled to Alexander into the well; and from the well the water was pumped into a tank, from which it was let into the tenders of the locomotives. The connection was under the car, and in order to connect with the pipe leading into the well, the attendant had to get partially under the car and very close to the tumbling-rod.

Appellee had horses and a grown son, and made a contract with the railroad company to pump the water from the well to the tank. He used his own team, employed his son to assist him, and had control of the machine and its operation. The water was brought in iron oil-tanks with a tap underneath which could be unscrewed. A spout was fixed to catch the water and convey it to the well. To do this it was necessary to get under the car every time the water was taken from the tank.

On the 18th of October, 1879, the third night of attending to this work, appellee went under the car to fix the tank to draw off the water, and the car had to be fixed almost to a half-inch to get it right. While he was fixing the spout to catch the water, the horse working the machine became frightened by the escape of steam from the locomotive, and going very fast, the shaft caught the short heavy coat worn at the time by appellee, and drew him under, injuring him severely.

The Revised Statutes of 1874, page 582, provides:

SEC. 1. "That all persons in this State who are or who may hereafter own or run any threshing-machine, corn-sheller or any other machine which is connected to a horse-power by means of a tumbling-rod or line of shafting, shall cause each and every length or section of such tumbling-rod (except the one next the horse-power) together with the knuckles or joint and jacks thereof, to be safely boxed or secured while running.

SEC. 2. "Any person owning or running any machine as mentioned in section one of this act, without complying with

the requirements of the aforesaid section, shall be held liable to the person damaged, for any damage which may be sustained by such person by reason of such neglect, and no action shall be maintained nor shall any legal liability exist for services rendered by or with any such machine, when it shall be made to appear that the first section of this act has not been complied with. "

The declaration of appellee contains no averment nor is it in proof that he was in the exercise of any care or caution to avoid the injury; nor is it claimed by him that he was not guilty of negligence which materially contributed to the injury; but it is claimed, that the liability of appellant is absolute and depending alone upon the fact of the use of the machinery without the boxing of the tumbling-rod as required by the statute, independent of any question of negligence on the part of appellee.

The statute in relation to fencing and operating railroads, Revised Statutes of 1874, Sec. 24, page 811, provides, "whenever any railroad corporation shall by itself or agents run any train, locomotive engine, or car, at a greater rate of speed in or through the incorporated limits of any city, town or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done the person or property by such train, locomotive engine, or car, and the same shall be presumed to have been done by the negligence of said corporations or their agents. "

Under this statute the liability of such corporation for the violation of its provisions would seem to be absolute, as in the case now before us, and yet in cases arising under such statute it has been held that the rule of contributory negligence prevails.

In Illinois Central Railroad Co. v. Hetherington, 83 Ill. 510, the deceased, when injured, was walking in company with another young lady upon the right-of-way of the railroad company for pleasure. She was walking down the track, where she was a trespasser, when overtaken by a train going into the city, struck in the back and killed. She was guilty of other negligence, and the railroad company was also negligent in.

running its trains within the limits of the city at a greater rate of speed than six miles an hour, in defiance of the ordinance of the city. And it was held that, "while the rule is well settled in this State, that a recovery may be had by a party who has been guilty of contributory negligence, where his negligence is slight and that of the defendant gross, yet the authorities, all agree that it is an indispensable element to the right of action in every case that the plaintiff or party injured must have exercised ordinary care, such as a reasonably prudent person will always adopt for the security of his person or property." And again, "while it is true the railroad company was running its trains at a greater rate of speed than allowed by the ordinance of the city of Chicago, yet that fact did not relieve the deceased from the exercise of ordinary care, nor can the speed of the train alone be regarded as furnishing a sufficient reason for holding that the injury was willful or wanton." It was also so held in the Lake Shore and Michigan Southern Railway Co. v. Berlink, 2 Bradwell, 427.

In the case we are considering, appellee failed to exercise ordinary care. Instead of his negligence being slight and that of appellant gross, his negligence was equal to, if not greater than that of appellant, and under such circumstances he can not recover. Judgment reversed and cause remanded.

Judgment reversed.