## WABASH, ST. LOUIS & PACIFIC RY. CO.
### v.
## THOMAS THOMPSON.

1. NEGLIGENCE.—Before a person can recover on account of the neglect of a statutory duty, it must appear not only that the injury complained of was the result of such neglect, but it must also appear that the injured party was in the exercise of due care. If the negligence of the injured party contributed to the injury, before he can recover, it must appear that his negligence was "slight," and that of the defendant "gross."

2. SAME.—If A is chargeable by a statute with negligence in constructing a pumping apparatus in a certain manner, and B, with a knowledge of the facts, undertakes to operate the same under a contract with A, B is chargeable by the same statute with negligence in operating the same and the doctrine of comparative negligence does not apply.

3. MASTER AND SERVANT.—Where a servant, at the time of entering the service of a master, has full knowledge of all the perils of the particular service, he assumes the risk and must bear the consequences.

APPEAL from the Circuit Court of Morgan county; the Hon. C. EPLER, Judge, presiding. Opinion filed May 22, 1884.

Messrs. BROWN, KIRBY & RUSSELL, for appellant; cited W. St. L. & P. Ry. Co. v. Thompson, 10 Bradwell, 271; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; L. & M. S. Ry. Co. v. Berlink, 2 Bradwell, 427; Reynolds v. Hindman, 32 Ia. 147.

W., St. L. & P. Ry. Co. v. Thompson.

Mr. GEORGE W. SMITH and Mr. E. G. WILSON, for appellee; cited C. & A. R. R. Co. v. Platt, 89 Ill. 141; Lammert v. C. & A. R. R. Co., 9 Bradwell, 390; T. P. & W. R. R. Co. v. Wickey, 44 Ill. 76; T. P. & W. R. R. Co. v. Pence, 68 Ill. 524; Ewing v. C. & A. R. R. Co., 72 Ill. 25; Sangamon Distillery Co. v. Young, 77 Ill. 197.

McCULLOCH, P. J.   This case was before this court on a former occasion, and will be found reported in 10 Bradwell, 271, where the principal facts of the case are stated.  After it had been re-docketed in the circuit' court, appellee was granted leave to amend his declaration, which he did by averring due care on his own part, and by adding a count charging appellant with negligence in allowing steam to suddenly escape from an engine, whereby appellee's horse was frightened into a running gait, in consequence of which the tumbling shaft was made to revolve rapidly, and appellee was thereby caught and injured.   Some proof was introduced to sustain this charge, but we can not see that it has in any respect changed the legal aspect of the case.   On the former occasion we held that, while the statute created a liability in case of a neglect to comply with its requirements, yet this liability was not absolute, and that the rule of contributory negligence prevailed, as in other cases.   A further examination of the authorities satisfies us of the correctness of our ruling.   It has been uniformly held by our Supreme Court that before a person can recover on account of the neglect of a statutory duty, it must appear not only that the injury complained of was the result of such neglect, but it must also appear that the injured party was in the exercise of due care. If the negligence of the injured party has contributed to the injury, then, before he can recover, it must appear that his negligence was no greater than that defined by the law as "slight negligence," and that the negligence of the defendant was such as the law denominates "gross negligence."   This rule was applied in C., B. & Q. R. R. Co. v. Johnson, Adm'r, 103 Ill. 512, which was an action to recover damages caused by a neglect to observe a statutory duty.   A failure to ob-

serve these statutory requirements is *prima facie* negligence, but it does not excuse the injured party from the exercise of due care on his part.

It also appears that appellee took the contract to operate this pumping machinery with a full knowledge of its exposed condition, and that he continued to operate it for three days before the accident happened. After the making of his first contract, which appears to have been to furnish his own horse and work the pump one half of each day at twenty dollars per month, it was discovered that the water was about to fail, and the company began to draw water to that well from other points along its road, in tanks. It was then that appellee undertook the additional duty of discharging the water from the tanks into the well, in doing which he received the injury complained of. His duty called him under a car which stood on the track right above this tumbling shaft. Although he had full control of its operations, he did not stop the pump until he could empty the tank, but allowed it to continue in motion while his boy drove the horse. Under these circumstances, even if the relation of master and servant existed between appellant and appellee, so as to require the former to furnish safe machinery with which to operate, yet another and further rule also applies, that where the servant, at the time of entering the service of the master, has full knowledge of all the perils of the particular service, he assumes the risk and must bear the consequences. In the application of this rule it is held that where defects in the machinery or other appliances are as well known to the servant as to the master, the servant must be regarded as voluntarily incurring the risk resulting from its use, unless the master, by urging on the servant or coercing him into danger, or in some other way, directly contributes to the injury. Pennsylvania Co. v. Lynch, 90 Ill. 333. There can be no question in this case that appellee was as well, if not better, acquainted with the dangers of the situation as were appellant's agents in charge of the road, and if it was negligence on their part to construct this apparatus without boxing the tumbling rod, it was at least equal negligence on his part to expose himself to danger in the man-

ner the evidence shows he did. We can, therefore, only repeat what we said before, that the evidence in this record fails to show that appellee was in the exercise of ordinary care.

Appellant asked the following instructions, which were refused.

5. The court also instructs the jury for the defendant, that "it is the established law that where a plaintiff's own unlawful act concurs in causing the damage that he complains of, he can not recover compensation for such damages"; and if the jury find from the evidence that Thomas Thompson, the plaintiff, and his son, employed by himself, were running the machine by which he is said to have been injured, and that at the time he was so operating and running the machine he knew that the shafting was not boxed or covered, as required by law, then, under the law, he can not recover for injuries received by himself caused by his own running of such machine.

7. The court also instructs the jury for the defendant, that if they find from the evidence in this case that at the time of the injury complained of in the plaintiff's declaration, the plaintiff was by himself, and agents employed by himself, running the horse-power by which the injury complained of was inflicted, he can not recover from the defendant for any damage resulting to himself by reason of running the machine in question.

8. The court instructs the jury for the defendant, that the statute of this State requiring the tumbling rods of horse-powers to be boxed, applies to persons running horse-powers with equal force as to the owners thereof; and in this case, if the jury believe from the evidence that the plaintiff, at the time of receiving the injury complained of, was himself operating the horse-power spoken of in evidence, and knowing at the time that the tumbling rod was not boxed or secured, and using, for the purpose of driving said power, his own horse, and himself employing and paying the driver of the horse, and had at the time sole control of said horse-power and the right to start and stop and to regulate the motion of said

power, then he was himself guilty of violating the said statute and can not recover for the injuries complained of.

9.  The court further instructs the jury for the defendant, that if they believe from the evidence that the plaintiff, Thompson, was employed by the defendant on Friday to discharge and conduct water from the cars of the railroad company to its well, and that at that time said Thompson had already been engaged in running the horse-power mentioned in the evidence, and had full knowledge that the shafting connecting said horse-power with the pump and the knuckles thereof were not boxed, and that having such knowledge said Thompson, on Friday, entered into an agreement with the railroad company to discharge and conduct the water from the cars of the company to its well, at a point which he already knew to be near the line of said shafting, without making any objections to the unprotected condition of said shafting and knuckles thereof, then said Thompson took upon himself all the hazards and risks incident to the service which he so contracted to perform.

We are not prepared to say that the rule of law contained in the fifth instruction above quoted, that, where the plaintiff's own unlawful act concurs in causing the damage that he complains of, he can not recover for such damages, applies to this case in as broad a sense as is contended for by counsel for appellant.   But when that rule is applied to the hypothetical state of facts contained in the subsequent part of the instruction, it certainly stated the law of this case.   If appellant is chargeable by the statute with negligence in constructing its pumping apparatus in the manner charged, then if appellee, with a knowledge of the facts, undertook to operate the same under a contract with appellant, he was certainly chargeable by the same statute with negligence in operating the same. We can see no room for the operation of the rule of comparative negligence in such case.   Both were equally guilty, and in such case there can be no recovery.   The seventh and eighth announce in another form the same proposition of law. Enough of these should have been given to the jury to have covered this aspect of the case.   The ninth instruction covers

a proposition already discussed, that if appellee continued in the employment of appellant with full knowledge of the danger and without making any objections he can not recover. This instruction should also have been given. For the reason that the evidence fails to sustain the verdict and that the court refused to give proper instructions asked by appellant the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.