THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY

v.

JEREMIAH CARPENTER.

*Railroads—Negligence of—Killing of Live Stock—Disobedience of Ordinance—Presumption of Negligence.*

In an action brought against a railroad company to recover damages for killing of live stock within city limits, where the evidence showed that the train which ran over the stock in question was going at a rate of speed prohibited by a city ordinance, this court holds that such excessive speed raised a presumption of negligence merely on the part of the company, but that it was error to instruct the jury that the company must show by a preponderance of evidence that such excessive speed did not cause the injury complained of.

[Opinion filed December 12, 1892.]

Appeal from the Circuit Court of McHenry County; the Hon. Charles Kellum, Judge, presiding.

Messrs. W. C. Goudy, C. S. Darrow and A. W. Pulver, for appellant.

Messrs. Joslyn & Casey, for appellee.

Mr. Justice Harker. This suit was brought before a justice of the peace to recover the value of a cow killed at a highway crossing by an engine drawing a train of cars over appellant's railroad. Appellee was defeated in the justice court, but on appeal to the Circuit Court, recovered a judgment for $40.

Appellee's residence was upon one side, and the pasture in which he kept his two cows, upon the other side of the railroad track. In driving them from the one to the other, it was necessary to pass over the highway crossing in question. The crossing was within the corporate limits of the city of Woodstock. About six o'clock in the evening (at a time when the train was due) appellee's two children turned the cows from the pasture and were proceeding to drive them home by way of the crossing. They did not observe the approach of the train until it was within a few feet of the crossing, although they could have done so before, as they had a plain view of the track for nearly a mile. The train was moving at a rate of twenty-five miles per hour, in violation of an ordinance of the city limiting the rate to ten miles per hour. The children by throwing stones and crowding the cows, succeeded in getting one of them over the track. The other being heavier and slower, was struck by the engine and killed.

We refrain from expressing any opinion upon the merits of the controversy, as the case will be remanded for a new trial on account of the error of the court in giving the following instruction:

"The court instructs the jury, as a matter of law, that under the ordinance read in evidence in this case, it was un-

lawful for the agents or servants of the defendant to run the train and engine in question within the corporate limits of the city of Woodstock at a greater rate of speed than ten miles per hour, and if the jury believe from the evidence that the engine in question struck and killed the cow of the plaintiff within the corporate limits of said city, and while it was running at a greater rate of speed than ten miles per hour, then the defendant is presumed to be guilty of negligence, unless it has been shown by a preponderance of the evidence that the cow in question was not struck and killed in consequence of the engine and train running at such rate of speed, but was killed by reason of the want of ordinary care on the part of the plaintiff."

It is the latter part of the instruction which renders it bad. Running the train at a greater rate of speed within the city than that limited by ordinance, was unlawful, and a presumption of negligence arose therefrom. It devolved upon the defendant to rebut such presumption, but not to the extent required by the last part of the instruction. It was not incumbent upon it to show by a preponderance of the evidence that the cow in question was killed by reason of the want of care on the part of the plaintiff. The presumption raised by the statute is of negligence on the part of the railroad company merely, and not a presumption that such negligence caused the injury. R. R. I. & St. L. R. R. Co. v. Linn, 67 Ill. 109; C. & A. R. R. Co. v. Hanley, 26 Ill. App. 352. The presumption of negligence which the statute raises in cases of this kind, does not change the rule of the contributory negligence. Such rule applies as well to cases arising within, as to those arising without, the statutory regulation. I. C. R. R. Co. v. Hetherington, 83 Ill. 510; L. S. & M. S. Ry. Co. v. Berlink, 2 Ill. App. 427; W., St. L. & P. Ry. Co. v. Thompson, 10 Ill. App. 271, and 15 Ill. App. 117. The court properly modified appellant's first instruction, and committed no error in refusing the other offered.

For the error of the court in giving the instruction above quoted, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*