Chicago & Western Indiana R. R. Co v. Herman Zerbe.

1. PRESUMPTIONS—*Presumption Intended by Section 24, Chapter 114, R. S., is Not Conclusive.*—The presumption intended by Section 24, Chapter 114, R. S., is not a conclusive presumption which can not be overcome. It is a mere *prima facie* presumption and may be overcome by evidence.

2. INSTRUCTIONS—*As to the Presumption Where Speed Ordinance is Violated.*—An instruction that if the plaintiff's horse was killed by a train running on the defendant's tracks, by its permission or authority, at a greater rate of speed than was then permitted by the ordinance of the city, then the injury thereby caused to the plaintiff's property, if any, is presumed to have been done by the negligence of the defendant, is misleading, as likely to give the jury to understand that, if they believed from the evidence that the train was being run at a greater rate of speed than was permitted by the ordinance, they might, without consideration of other evidence in the cause, find the defendant guilty.

Trespass on the Case, for injuries to a horse. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed October 26, 1902. Rehearing denied November 12, 1903.

LEE & HAY; attorneys for appellant.

FRED A. RATHJE and C. H. SIPPEL, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment rendered in favor of appellee and against appellant for the sum of $177.50. The suit was for the killing of appellee's horse and injury to his wagon and harness, claimed to have been occasioned by appellant's negligence in permitting its train to collide with the horse and wagon. In the view we take of the case, it will only be necessary to consider two instructions, numbered 1 and 3, given for appellee, to the giving of each of which appellant excepted. The instructions are as follows:

" 1. If the jury believes from the evidence in this case, that the plaintiff's horse was killed and his harness and wagon were injured within the incorporated limits of the city of Chicago by a train running on the defendant's track, by its permission or authority, and that said train was being run at that place and time at a greater rate of speed than was then permitted by the ordinance of said city, read in evidence, then, the injury thereby caused to the plaintiff's property, if any, is presumed to have been done by the negligence of the defendant."

" 3.   The court instructs the jury that if you believe from the evidence that the driver of the plaintiff's horse and wagon was in the exercise of ordinary care while approaching and driving upon the defendant's tracks, and that the defendant was guilty of negligence as alleged in the declaration, and that such negligence caused the death of the plaintiff's horse and the destruction of his harness and wagon, then the plaintiff is entitled to recover, and you should assess his damages at the then market value of the horse, wagon and harness."

Appellee's counsel, in support of instruction 1, relies on section 24 of chapter 114 of the statutes, and on an ordinance of the city of Chicago limiting the speed of railroad trains at the place where the accident occurred to thirty miles per hour, and on certain decisions of the Supreme Court, which will be hereafter referred to. So much of section 24 as it is necessary to consider is as follows :

" Whenever any railroad corporation shall by itself or agents, run any train, locomotive engine, or car, at a greater rate of speed in or through the incorporated limits of any city, town or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done to the person or property by such train, locomotive engine or car; and the same shall be presumed to have been done by the negligence of said corporation, or their agents," etc.   3 S. & C. Stat., 2d Ed., p. 3279.

By the terms of the section, if a railroad train is operated in any city at a greater rate of speed than is permitted by the ordinance of the city, any damage done to the person or property of another shall be presumed to have been done by the negligence of the railroad company, or its agents. The presumption intended by the section is not a conclusive presumption which can not be overcome by evidence.   If it were, then if a person should lie down on the rail of the track, and the train should run over and break his legs, on mere proof of the damage,'and that the train was being run in the city at a greater rate of speed than that permitted by the ordinance, he would be entitled to recover. A construction involving such absurdity must be rejected. Hence it has been held that the presumption that the dam-

age was done by the negligence of the railroad company, or its agents, is a mere *prima facie* presumption and may be overcome by evidence.   C. & N. W. Ry. Co. v. Carpenter, 45 Ill. App. 294; C , B. & Q. R. R. Co. v. Appell, 103 Ill. App. 185, Ill. C. R. R. Co. v Ashline, 171 Ill. 313, 319.

In the case cited from 45 Ill. App., *supra*, the court say :

" The presumption of negligence which the statute raises in cases of this kind does not change the rule of the contributory negligence.   Such rule applies as well to cases arising within as to those arising without the statutory regulation."   Citing Ill. C. R. R. Co. v. Hetherington, 83 Ill. 510, and other cases.

In C , B. & Q. R. R. Co. v. Appell, *supra*, the instruction was as follows :

" You are instructed that the ordinance introduced in evidence is a valid law of the village of Galva, and if you believe from the evidence in this case that the defendant was, at the time of the injury complained of, running the train that killed Noah Johnson, within the corporate limits of said village of Galva, at a rate of speed in excess of ten miles per hour, then the law presumes that the defendant by so doing was guilty of negligence, and liable in damages for causing the death of said Noah Johnson."

With respect to this instruction the court say :

" This instruction did not state a correct principle of law. By it the jury were authorized to render a verdict in favor of plaintiff in case they found the defendant was, at the time in question, running its train within the corporate limits of the village at a greater rate of speed than ten miles per hour, regardless of the question whether the excessive rate of speed contributed to bring about the death of Johnson, and also of the vital question whether Johnson was, at the time, in the exercise of ordinary care for his own safety."

In Ill. C. R. R. Co. v. Ashline, *supra*, the instruction held to be erroneous is not set out in the opinion, and the court, while holding the instruction erroneous, say :

" The error was so slight we do not think the jury could have been misled, and if they were not misled the error was harmless."

There was no evidence in the case that any person saw

the deceased when he was struck by the train, and evidence was admitted to the effect that he was a man of careful habits. It does not appear from the opinion that there was any evidence to the contrary, and the evidence, under the circumstances, being *prima facie* proof of the plaintiff's care, may have been the reason for the court's statement that the error was so slight as not to mislead the jury. Counsel for appellee rely on the last case, and also on the following two cases: A., T. & S. F. R. R. Co. v. Feehan, 47 Ill. App. 66. We do not regard the opinion in that case, in so far as it relates to the statute, as in harmony with later decisions of the Appellate and Supreme Court. The case of C. & E. I. R. R. Co. v. Mochell, 193 Ill. 208, was for injury to a passenger, occasioned by a collision between a railroad train and an electric street car, and therefore, as the court said, contributory negligence could not be attributed to the plaintiff. In the present case there is evidence tending to prove that appellee was not exercising ordinary care at and about the time of the accident. There is a conflict of evidence on that question, which it was the province of the jury to consider and pass on. We are of opinion that the instruction in question was calculated and likely to give the jury to understand that, if they believed from the evidence that the train was being run at a greater rate of speed than was permitted by the ordinance, they might, without consideration of other evidence in the cause, find the defendant guilty, and we can not know that the jury did not act on that understanding.

In C., B. & Q. R. R. Co. v. Harwood, 80 Ill. 88, 91, the court, commenting on an instruction, say :

" The instruction asserted a right of recovery under the circumstances named in it, without containing the requirement of any care or caution on the part of the deceased. In this, the instruction was manifestly wrong. And although other instructions given did contain such requisite, that did not cure the error. It left the jury at liberty to select and act upon either instruction, as might strike them as being most proper." Citing numerous cases. See, also, C. & A. R. R. Co. v. Kuckkuck, 197 Ill. 304, 307.

Appellant's counsel object that plaintiff's third instruction was erroneous in that it told the jury that they should assess the plaintiff's damages at the market value of the horse, wagon and harness, giving as a reason for the objection that the market value of the wagon was estimated by . the plaintiff at $100, and that it was repaired at a cost of $75. Appellee testified as stated by counsel, so that his loss on the wagon was $75. But he testified that the market value of his horse, which was killed, was $125, and of his harness, which was destroyed, $25, making his total loss $225. The jury assessed his damages at $177.50. Therefore, even if the instruction is erroneous in the respect claimed by counsel, it does not seem to have been prejudicial.

We think that the instructions asked by appellant, the refusal to give which is complained of, were properly refused.

Because of the error in giving appellee's first instruction, the judgment will be reversed and the cause remanded.