### Chicago, Burlington & Quincy R. R. Co. v. Charles L. Appell, Adm'r.

1. INSTRUCTIONS—*Enlarging Right of Recovery Under One Count, When Not Reversible Error.*—An instruction giving a right to recover not warranted when applied to one count of a declaration is not reversible error where plaintiff was entitled to recover under another count.

2. SAME—*Telling the Jury What Constitutes Negligence, Erroneous.*—In a case proper for submission to a jury, it is reversible error for the court to instruct the jury as to what constitutes negligence.

3. SAME—*Where the Case is Close on the Facts.*—Where the case is close on the facts the instructions should be accurate.

Trespass on the Case.—Death from negligent act.   Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge presiding.   Heard in this court at the April term, 1903.   Reversed and remanded.   Opinion filed June 8, 1903.

JACK, IRWIN, JACK & DANFORTH, attorneys for appellant; CHESTER M. DAWES, of counsel.

APPELL & ROUSSEAU and ARTHUR KEITHLEY, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This case is before us a second time. Upon the former hearing it was reversed in an opinion reported in 103 Ill. App. 185. It is an action on the case by the administrator of deceased to recover damages for the next of kin resulting from the death of Noah A. Johnson, who was killed at a street or railroad crossing of the appellant at Galva, Illinois, February 22, 1901.

The declaration consists of two counts. The first count charges the defendant with running its train over the crossing in question at a high and dangerous rate of speed. The second charges the appellant with running the train at a rate of speed prohibited by an ordinance of the said village of Galva. In the opinion previously rendered we stated that the facts relied upon to entitle the plaintiff to a recovery were exceedingly close. We see no reason from an examination of the present record to change the opinion then expressed with reference to the merits of the case. The record therefore presents such a state of facts as entitled appellant to have the jury instructed accurately. The ordinance referred to prohibited the railroad company from running the train in question at a rate of speed in excess of ten miles per hour. Appellant complains of the action of the trial court in giving the following, among other instructions:

" You are instructed that if you believe from the evidence that the defendant was running its train that killed Noah Johnson, within the corporate limits of the village of Galva, at a rate of speed in excess of ten miles per hour, then the law presumes the defendant to be guilty of negligence; and while the defendant may rebut such presumption, the burden is upon the defendant to show by the greater weight of the evidence that it was not guilty of the negligence charged in the declaration in this case."

" You are further instructed that though you may believe from the evidence that Noah Johnson drove upon the railroad crossing in question without looking to see whether

there was a train then approaching said crossing, yet such act as a matter of law was not negligence, and whether it was negligence for him to have driven upon that crossing without looking for the approaching train is a question of fact only, to be decided by the jury from the evidence and circumstances shown in evidence in this case."

It is contended that the giving of the instruction first above referred to is reversible error, for the reason that the right of recovery in the first count of the declaration is not predicated upon a violation of the ordinance, and that under that count it was incumbent upon the plaintiff to prove that appellant was guilty of actionable negligence, and that decedent was in the exercise of due care for his own safety. Applied as an abstract proposition of law to the first count of the declaration, we are of the opinion that the objection to the instruction is well taken. However, we are of the opinion that the instruction now under consideration could not have misled the jury or been prejudicial to the interests of appellant for the reason that if it is manifest from the record that appellant was running its train at a rate of speed exceeding ten miles an hour, and there was testimony tending to prove a right of recovery under the second count, the error was harmless. Proof that the train was running at more than ten miles an hour would have made a *prima facie* case under the second count. If the appellee was entitled to recover under the second count the error of the instruction when applied to the first count would not be a just cause of complaint.

Appellee's instruction, secondly above quoted, is under the circumstances of this case reversible error. It told the jury that as a matter of law, the fact being proven that decedent drove upon the railroad crossing without looking to see if there was a train then approaching, was not negligence. In a case proper for submission to a jury it is for the jury, not the court, to say what constitutes negligence. Under such circumstances it has been repeatedly held to be reversible error for the court to instruct the jury what constituted negligence. True it is, that after thus erroneously directing the jury, the instruction proceeds in a conflicting

manner to tell the jury that it is for them to determine whether it was negligence for the deceased to drive upon the crossing without looking for an approaching train. The most that can be said in favor of the instruction is that it contains two extremely opposite statements, and that one of them is clearly reversible error. Under the state of proof in this case which, as we have said, entitles appellant to have the jury accurately instructed, we regard the giving of this instruction as reversible error. We are unable to determine which proposition contained in the instruction guided the jury in their deliberations.

Appellant complains of the action of the trial court in refusing the eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth instructions. They were all properly refused, because they told the jury what constituted negligence. Appellant's seventeenth instruction, which was refused by the court, contains one questionable element, and all that was proper in it was covered in other given instructions. Appellant's eighteenth and nineteenth instructions were properly modified. Appellee's third given instruction was calculated to mislead the jury. If deceased was negligent it was not at the instant he was injured, but it was before that, in driving into the place of danger without exercising due care for his own safety.

The case was tried upon the theory that it was incumbent upon appellee to prove that those for whose benefit the suit was brought were dependent upon decedent, or that he had contributed to their support. There was proof in the record that the father and mother of deceased, who was a bachelor, were living with him at the time of his death. From this it is argued that he was contributing to their support. From all that appears in the record upon this subject it might be that while the parents were living with deceased, they were actually self-supporting, and were paying him for their support and any care he bestowed upon them.

For the reasons indicated the judgment of the Circuit Court will be reversed and the cause remanded.